THORNAL, Justice.
Appellants Maling Corporation and Lavine seek reversal of a decree dismissing with prejudice their complaint which prayed rescission and cancellation of an agreement.
Samart Realty Corporation held a 99-year lease on a parcel of land on the Northeast corner of 79th Street and N.E. Second Avenue in Miami. There was a private alley over the east 10 feet of the land to the rear of a building. Defendant Ladan Corporation had a 99-year lease on the parcel immediately to the north, the east half of .which was vacant..' On April 2, 1951, Samart for itself and its successors and assigns granted to Ladan, its successors and assigns, the right to common usage of the 10-foot private alley for ingress and egress “so long as the present improvement upon the property and premises” of Samart remains. Samart thereafter assigned its 99-year lease to appellant Maling Corporation, and appellant Lavine is a tenant of Maling. By the complaint it is sought to cancel the agreement between Samart and Ladan on the ground that it was obtained by fraud of one Arthur Lavine, an officer of Ladan, who allegedly at the time of the agreement orally promised Samart that it and its successors and assigns could use the vacant .east half of the Ladan property for a parking lot so long as the east 10 feet of the Samart lot remained open for passage. No written agreement to this effect was executed. It is alleged that Arthur Lavine at the time he made the promise never intended to carry out the agreement and that Ladan now denies the plaintiffs the use of its land for parking, wherefore, termination of the right-of-way over the 10-foot strip is sought. The Chancellor dismissed the amended complaint on motion, hence this appeal.
Numerous questions are propounded. We feel that an answer to one of them will end'the argunjent and sustain the Chancellor. It should be observed. that Samart, now dissolved, is not complaining and is not a party to the cause. The plaintiffs obviously took with notice of the Samart-Ladan agreement. Cancellation of the agreement is sought because of the alleged fraud practiced on Samart, not upon Mal-ing, by one Arthur Lavine who is likewise absent as a party to the cause.
In order to enable a person to secure redress for alleged fraud, it must be shown that the complaining party relied on the false representations to his injury and damage. At no place in the complaint is it alleged that either of the plaintiffs relied upon or had a right to rely upon the alleged false representations or promises made to *609 Samart Realty Corporation by Arthur Lavine. Moreover, we have consistently held that relief in equity against fraud is personal to the one defrauded. See Putzer v. Homeridge Properties, Fla. 1952, 57 So.2d 848.
We have not overlooked the corporate stock purchase agreement of February 28, 1951, between Arthur Lavine and Sterling and Malvine Lavine. However, we find no allegations of fraud with reference to that agreement, and although it makes reference to a subsequent provision of a common right-of-way over the 10-foot strip in question, it does not in any place provide for the claimed parking privileges on the lot of appellee. So far as this record reveals the agreement herein sought to be cancelled is perfectly consistent with the February 28, 1951, stock purchase agreement between the members of the Lavine family as individuals.
Whatever the rights between Samart and Ladan might be, it is clear that Samart’s rights, if any, never became personal equities of either of the appellants, enforceable in a proceeding such as the one before us. Although appellants styled their complaint' as an “amended bill for declaratory decree, rescission and cancellation” their allegations reveal that it is purely a bill for rescission and cancellation of the right-of-way agreement' of April 2, 1951. They fail to reveal by their complaint such doubt as- to their position as to bring them within the provisions of Chapter . 87, Florida Statutes, F.S.A. (Declaratory Decree Act).
The amended complaint having failed to state a claim upon which' relief could be granted, the Chancellor properly sustained the motion to dismiss, and his decree is, therefore,
Affirmed.
DREW, C. J., and TERRELL and HOB-SON, JJ., concur.