CARROLL, DONALD K., Judge.
The appellant, defendant below, has appealed from a final judgment entered against him by the Circuit Court for Marion County.
Each of the appellant’s assignments of error relates to the validity of a “partial summary judgment” entered by that court in this cause two months before' the entry of the final judgment, in the following situation:
The defendant, Berry, became a distributor for the plaintiff gas company in Marion County on December 15, 1945, and continued as such distributor until he terminated his franchise by written notice on May 12, 1958. On August 2, 1958, the plaintiff filed the instant action in the Marion County Circuit Court seeking recovery of the sum of $11,081.52 plus interest which it claimed was due under the provisions of the distributorship agreement for Pyrofax gas delivered by the defendant and cylinder demurrage charges to May 12, 1958.
On August 26, 1958, the defendant filed his answer to the complaint, denying the indebtedness, and incorporated in his answer a counterclaim against the plaintiff. The plaintiff filed its answer to the counterclaim on September 15, 1958, and a few days later filed a motion for summary judgment as to the counterclaim.
In his counterclaim the defendant alleged three claims against the plaintiff, each in a separate numbered paragraph of the counterclaim. In paragraph 1 of his counterclaim he alleged his claim for the sum of $23,160 for regulating equipment purchased by the defendant during the period between December 15, 1945, and December 31, 1954.
After a hearing on the plaintiff’s motion for summary judgment, the Circuit Court, on October 14, 1958, entered an order denominated “Partial Summary Judgment” in which the court held that the said motion as to the defendant’s counterclaim against the plaintiff for the sum of $23,160 for the regulating equipment should be granted but that the said motion as to the defendant’s other claims in his counterclaim should be denied. In paragraph 2 of the order the court ordered that a summary judgment be entered against the defendant for the sum of $23,160 for the said regulating equipment.
This “Partial Summary Judgment” was amended on December 1, 1958, by the court in an order entered nunc pro tunc as of November 18, 1958, which order struck paragraph 2 of the said judgment, referred to above, and substituted therefor a paragraph in which the court again granted the plaintiff’s motion for summary judgment as to his counterclaim for $23,160 for regulating equipment, and ordered “that said issue is hereby eliminated as an issue in this cause and that plaintiff shall have judgment against the defendant upon said issue upon the entry of Final Judgment in this cause after the trial of the remaining issues in this cause * *
After a trial before the court without a jury of the other issues in the case, the court on December 1, 1958, entered a final judgment for the plaintiff against the defendant in the sum of $10,677.62 plus interest and costs. The only reference to the claim of the defendant stated in paragraph *449 1 of his counterclaim is a recital of the holding in the Partial Summary Judgment as amended. No separate final judgment is shown in the record-on-appeal to have been entered to carry out the apparent intent of substituted paragraph 2 in the amendatory order of December 1, 1958.
Technically, the procedural posture of this appeal is somewhat nebulous. The notice of appeal filed in this court states that this is an appeal from the final judgment entered on December 1, 1958, which referred to the partial summary judgment but did not itself make any adjudication as to the claim involved in the said summary judgment. In his brief, however, the appellant thus explains his conception of the scope of this appeal: “This appeal is taken from matters surrounding the entry of this partial summary judgment and subsequent orders relating thereto.” Both parties in their briefs seemingly treated this appeal as though it were an appeal from the partial summary judgment as amended, and under the circumstances we shall, in the interest of the administration of justice under law, do the same. We, therefore, consider, as the vital question before us, whether the Circuit Court committed error in entering the partial summary judgment, as amended, in favor of the plaintiff on the defendant’s cause of action stated in paragraph 1 of his counterclaim.
While the Circuit Court omitted to state in any order or judgment its reasons for entering the said partial summary judgment or its amendatory order, we think the court was warranted in entering them because the defendant’s said cause of action was clearly barred by the following provisions of the franchise agreement entered into by the plaintiff (“Company”) and the defendant (“Distributor”) on January 25, 1954:
“Regulating equipment in the custody or on the premises of any consumer shall not be deemed to be in the actual or constructive custody of Distributor and shall not be removed or returned by Distributor upon or after termination of this agreement, and with respect to such regulating equipment Company shall pay to Distributor no sum whatsoever upon or after the termination of this agreement.

“Distributor hereby releases and discharges Company of and from all claims, demands, and causes of action of every nature heretofore or hereafter arising out of any and all prior agreements, if any, between the parties relating to Pyrofax gas and/or regulating equipment, except unpaid commission, if any, on the net sales value of Pyrofax gas previously delivered by Distributor to consumers during the existence of such prior agreement or agreements.”
The defendant terminated this franchise by written notice on May 12, 1958.
A copy of the franchise agreement was attached as a part of the complaint as Exhibit A. In his answer to the complaint the defendant admitted executing the agreement. Neither the defendant in his counterclaim nor the plaintiff in its answer thereto referred to the franchise agreement. Therefore, if the Circuit Court had had nothing before it but these pleadings when it considered the plaintiff’s motion for summary judgment on the counterclaim, an intriguing question would arise whether the quoted provisions of the agreement may be held to operate as a bar to the defendant’s cause of action stated in paragraph 1 of his counterclaim, in the light of Rule 1.8(d) of the Florida Rules of Civil Procedure, 30 F.S.A., relating to affirmative defenses, which rule provides that in pleading to a preceding pleading a party shall set forth affirmatively accord and satisfaction, estoppel, release, etc. (see our decision in Flye v. Jeffords, Fla.App.1958, 106 So.2d 229), and in the light of Rule 1.36(c), which provides, in effect, that, in determining a motion for summary judgment, a court may *450 consider “the pleadings, depositions and admissions on file,” together with affidavits, if any.
In the instant case, however, the Circuit Court was not, and this court is not, confined to matters stated in the pleadings, for the deposition of the appellant himself was on file when the court considered the plaintiff’s motion for summary judgment. In that deposition the appellant admitted under oath that he executed the said franchise agreement attached to the plaintiff’s complaint.
There being no conflicting evidence on this question, the court properly held in effect that the franchise agreement, which contained the provisions barring the defendant’s counterclaim on account of the regulating equipment, was duly executed by the defendant and binding upon him.
Finally, the appellant vigorously contends that the Circuit Court had no authority to enter a partial summary judgment, citing in support of his contention only the case of Biggins v. Oltmer Iron Works, 7 Cir., 1946, 154 F.2d 214, construing the federal rule which is similar to Rule 1.36 of the Florida Rules of Civil Procedure.
Suffice'it to say, in answer to this contention, the Supreme Court of Florida has apparently declined to follow this holding in the Biggins case. See Lalow v. Codomo, Fia.1956, 88 So.2d 752. Besides, it seems to us that the Biggins holding flies in the face of the plain and unequivocal language of Rule 1.36(b) of the Florida Rules of Civil Procedure, which provides in pertinent part that a party against whom a claim, counterclaim, or crossclaim is asserted may move “for a summary judgment or decree in his favor as to all or any part thereof.” The provisions of Rule 1.36(a) and (d) also seem to contemplate the entering of a partial summary judgment. The Florida cases holding that our rules permit the entry of a partial summary judgment are collected in 30 Fla.Jur., Summary Judgments, Section 30.
Our conclusion is, therefore, that the partial summary judgment, as amended, was properly entered by the Circuit Court, and the final judgment appealed from should be and is affirmed.
Affirmed.
. WIGGINTON, C. J., and STURGIS, J., concur.