SMITH, Judge.
Appellant-plaintiff, sued the appellee-de-fendant, in an action at law, alleging that as a result of the negligent operation of a motor vehicle, plaintiff’s decedent was killed, and specifically alleging certain items of damages. Upon motion, the court struck from the complaint certain allegations as to specific items of damages, denied the motion as to the other items, and denied defendant’s motion to dismiss. The court granted a partial summary judgment in favor of the defendant as to one of the items of damages alleged and denied summary judgment in all other respects. Plaintiff appeals from the partial summary judgment, and the defendant filed cross assignments of error pertaining to the order denying parts of the motion to strike, the order denying the motion to dismiss, and from the order denying defendant’s motion for summary judgment in its entirety.
 Neither the partial summary judgment, nor the order denying parts of the motion to strike, nor the order denying the motion to dismiss, nor the order denying defendant’s motion for summary judgment in its entirety, is a final judgment. Each is *874 merely a pretrial adjudication that certain issues of the case shall be deemed established for the trial of the case. Each is an interlocutory order. 6 Moore’s Federal Practice 2024, 2296, 2299, 2311, and 2314; Florida Rules of Civil Procedure 1.36(d), 30 F.S.A.; Brannon v. Johnston, Fla.1955, 83 So.2d 779. In Evin R. Welch & Co. v. Johnson, Fla.App.1962, 138 So.2d 390, we held that a judgment dismissing a cause as to certain parties was a final judgment from which an appeal would lie, but neither of the judgments or orders here are of that nature. Appeals from interlocutory orders at law, relating to venue or jurisdiction over the person, may be taken pursuant to Florida Appellate Rule 4.2, 31 F.S.A.; Tel. Service Co. Inc. v. W. W. Hendricks, Jr., Fla.App.1962, 139 So.2d 436. The judgments and orders here do not relate to venue or jurisdiction over the person. We have dismissed an appeal from an interlocutory order where the appeal was not taken in accordance with the rule governing interlocutory appeals. Finneran v. Finneran, Fla.App.1962, 137 So.2d 844.
Section 59.45, Florida Statutes. F.S.A., permits this court to- consider a notice of appeal as a petition for common law writ of certiorari, and we, therefore, consider whether or not we should treat the notice of appeal and appellee’s cross assignments of error as petitions for common law certiorari. Lovi v. North Shore Bank, Fla. App.1962, 137 So.2d 585.
“We are at once confronted with the propriety of reviewing by certiorari an interlocutory order in an action at law. Our Supreme Court, in recently considering this proposition, expressed the rule thusly: ‘This court will review an interlocutory order in law only under exceptional circumstances. Where it clearly appears that there is no full, adequate and complete remedy by appeal after final judgment available to the petitioner, this court will consider granting the writ, as where the lower court acts without and in excess of its jurisdiction, or the order does not conform to essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.’ * * Boucher v. Pure Oil Company, Fla.App.1957, 101 So.2d 408.
Since the orders appealed from are neither final judgments nor interlocutory orders relating to venue or jurisdiction, and since they are not within the scope of review by common law certiorari, it, therefore, follows that this appeal must be, and the same is hereby dismissed.
SHANNON, C. J., and KANNER, J., concur.