162 So.2d 303 (1964)
FONTAINEBLEAU HOTEL CORP., a Florida corporation, Appellant,
v.
Jack YOUNG and Entertainment Guild, Inc., a Florida corporation, Appellees.
No. 63-179.
District Court of Appeal of Florida. Third District.
March 31, 1964.
Sibley, Grusmark, Giblin, King & Levenson, Miami Beach, for appellant.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellees.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.
CARROLL, Judge.
An action at law was brought by Jack Young and Entertainment Guild, Inc., against Fontainebleau Hotel Corporation on an entertainment contract. Plaintiffs alleged performance and sought as damages the return of a deposit and their unpaid share of the profits. Defendant answered with a general denial. Plaintiffs filed a motion for a partial summary judgment.[1] *304 Their proofs in support of the motion showed plaintiffs were entitled under the contract to recover a balance of $5,000 of an original $10,000 deposit and $8,799.23 of the profits or a total of $13,799.23 without dispute, and that there was a dispute as to some additional profits which required construction of the contract.[2]
The trial judge entered an order on the motion for summary judgment in which he granted judgment for the part of the damages found to be due without dispute, namely, $13,799.23, and ordered execution. The defendant appealed and superseded the judgment.
The determinative question is whether a final judgment can be entered for part of the damages sought under a contract when summary judgment is not granted on the whole case or for all the relief requested. In our opinion rule 1.36, F.R.C.P., 30 F.S.A. does not authorize such partial judgment, and the court was without power to enter the challenged partial summary judgment under the facts in this case.
Subdivision (a) of rule 1.36, when read alone, would appear to allow such a partial summary judgment, but when read with subdivision (d) of the rule it becomes clear that a final judgment for part of the relief requested such as was entered in this case is not contemplated or authorized. Rule 1.36, F.R.C.P. provides that if summary judgment is not rendered on the whole case or for all of the relief asked, and it is necessary to go to trial, the trial court should ascertain the material facts which are without substantial controversy and those which in good faith are controverted, and then make an order specifying the former "including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just." The rule continues by providing that at the subsequent trial or final hearing "the [uncontroverted] facts so specified shall be deemed established, and the trial or final hearing shall be conducted accordingly," that is, limited to the remaining disputed issue or issues. It contemplates that the final judgment when entered would include judgment for the partial relief previously found due without dispute, or make such other application or disposition thereof after trial as the final judgment of the court should prompt or require.
In the situation presented on the motion for summary judgment in the instant case, rule 1.36 called for entry of an order finding the plaintiff entitled to the certain elements of damages making up the $13,799.23 (for which the court granted judgment) and setting out as uncontroverted the facts on which plaintiffs' right to those damages depended; specifying the controverted facts or issues remaining and directing the indicated further proceedings  in this instance *305 trial of the issue or issues relating to the remaining element of damages.
As provided for in subdivision (d) of rule 1.36, the trial judge in his order set out the items of damage which were uncontroverted, and specified the controverted facts and issue relating to the remaining element of damages to be tried. But contrary to the intent and purpose of the rule, instead of simply preserving as established and ready for inclusion in the final judgment, to be entered after trial, the amounts of damages found to be undisputed and owing, the trial court granted a partial judgment for the latter. In granting such partial summary judgment the trial judge was in error, and we reverse.
The construction we have placed hereinabove on rule 1.36(a) and (d), F.R.C.P. conforms to the interpretation given by the United States appellate courts to the identical federal rule of practice (Rule 56 of Federal Rules of Civil Procedure for the United States District Courts). Biggins v. Oltmer Iron Works, 7 Cir.1946, 154 F.2d 214; Coffman v. Federal Laboratories, Inc., 3 Cir.1948, 171 F.2d 94, cert. den. 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076; Commonwealth Ins. Co. of N.Y. v. O'Henry Tent & A. Co., 7 Cir.1959, 266 F.2d 200, 75 A.L.R.2d 1198. See 6 Moore, Federal Practice, ¶ 56.20[3] Part 3 (2nd ed. 1953); and Annot. 75 A.L.R.2d 1201, 1209-1213. And see, consistent with the above, Doby v. Griffin, Fla.App. 1962, 144 So.2d 873.
The leading federal case of Biggins v. Oltmer Iron Works, supra, involved a summary judgment for part of the damages sought under a single claim or cause of action coupled with a determination that trial was necessary with reference to other damages sought. The action was one to recover compensation for services for a period of years. The damages sought ($13,308.80) were broken down into five designated items. Proof submitted on motion for summary judgment showed two of the items of damages were owing without dispute. A partial summary judgment was entered for them with interest ($9,243.75). The defendant appealed, and the appellee moved to dismiss the appeal on the ground the partial judgment was interlocutory and not an appealable judgment. The defendant argued that rule 56 did not contemplate a final partial judgment. The court agreed, but recognized that the judgment granted was one on which execution could presently issue, and though entered without authority was in fact final and reviewable on appeal. We approve and adopt for rule 1.36, F.R.C.P. the construction which the federal court in the Biggins case gave to federal rule 56, as follows:
"* * * We observe in the beginning and will attempt to show that this rule, in our opinion, does not contemplate a summary judgment for a portion of a single claim in suit. Neither does any other rule of the Rules of Civil Procedure so contemplate, as far as we are aware. A partial summary judgment, as the instant one is termed, under the circumstances before us is a misnomer.
"Of the numerous paragraphs contained in Rule 56, only (a) and (d) are material to the instant situation. Paragraph (a) provides:
"`A party seeking to recover upon a claim, counterclaim, or cross-claim * * * may, at any time after the pleading in answer thereto has been served, move * * * for a summary judgment in his favor upon all or any part thereof.'
"True, this paragraph standing alone indicates that a plaintiff may be awarded a summary judgment for a `part' of the claim sued upon. This paragraph, however, when a summary judgment is sought by plaintiff for only a part of his claim must be construed in connection with paragraph (d) entitled, `Case Not Fully Adjudicated on Motion.' It provides:
"`If on motion under this rule judgment is not rendered upon the whole *306 case or for all the relief asked and a trial is necessary, the court at the hearing of the motion * * * shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.'
"The language just quoted is controlling in the instant situation where judgment was neither sought nor rendered `upon the whole case or for all the relief asked.' When such a situation is presented to a court, is it authorized to enter a partial summary judgment as was done in the instant case? Paragraph (d) plainly answers this question in the negative. It continues:
"`It (the court) shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.'
"In other words, interpreting paragraph (d) as a whole, it appears plain that a summary judgment is not contemplated or authorized for any portion of a claim less that the whole. When the court is confronted with such a motion as it was in the instant case, it is authorized only to make an `order' as to the noncontroverted facts, `including the extent to which the amount of damages or other relief is not in controversy.'
"This construction of Rule 56 is not novel. Moore in his treatise on the Federal Rules of Civil Procedure (3 Moore's Federal Practice, 1st Ed. 1938, 3175) states:
"`Rule 56(d) imposes a duty upon the court to sift the issues and to specify which material facts are really in issue and which are not, thereby facilitating and expediting the trial. This pre-trial sifting of the issues upon a motion for summary judgment, as provided in Rule 56(d), is quite similar to the pre-trial procedure provided in Rule 16, except that under Rule 56(d) it is compulsory, while under Rule 16 it is discretionary with the court.'
"This court, in the Leonard case, supra 130 F.2d 535 at page 536, approved this interpretation by stating:
"`The rule is very similar to Rule 16 concerning pretrial procedure for formulation of issues by the court in conference with the parties. In fact, the drafters expressly indicated that the same purpose lay behind both.'
* * * * * *
"* * * All that plaintiff was entitled to at the time of the entry of the judgment was an order (not a judgment) fixing the amount of his claim no longer in dispute, which, under proper procedure, would have ripened into a judgment only upon the ultimate disposition of the whole of his claim. It follows that the court at that stage of the proceeding was without authority to enter a judgment. * * *"
In Commonwealth Ins. Co. of N.Y. v. O'Henry Tent & A. Co., supra, decided in 1959, the facts were quite similar to those of the present case. There damages of $32,188.29 were sought under an insurance contract. On application for summary judgment it was made to appear that of the amount claimed $14,360.76 was owing without dispute, but that trial was necessary as to the balance. A partial summary judgment was entered for the $14,360.76. On appeal the judgment was reversed, and the court adopted the construction previously placed on federal rule 56 by Biggins, saying, "[W]e approve the language used in Biggins as it applies to the controversy before us, and we adopt it as a part of this opinion." *307 Upon so holding in the Commonwealth case, the court further said:
"In countless opinions federal courts have expressed a disapproval of piecemeal litigation. Let us assume that in a claim for services such as was present in the Biggins case, it was first ascertained that two items were not in dispute, and then, a bit later, it was determined that liability on a third item, and still later, on a fourth item, was established. If the construction of the rule by defendants in the case at bar is correct, there might well have been three summary judgments in the suppositious case with executions levied upon each of them. Such fragmentations of a cause of action would be obnoxious to the orderly administration of justice."
A case which seeks recovery of several elements of damage or relief presents only a single "claim," if they grow out of one contract or cause of action. That circumstance, when it appears, is of significance in the federal practice because in addition to federal rule 56 (similar to our rule 1.36) there is federal rule 54(b) (of which Florida has no counterpart), which expressly authorizes the entry of judgment on "one or more but less than all of the claims." The existence of rule 54(b) and the construction given it in this connection places a gloss on the meaning which the federal decisions have assigned to rule 56. For example, if final judgments for partial relief may be granted freely under federal rule 56, what need is there for rule 54(b)? And when rule 54(b) which expressly allows partial judgments does so only upon certain conditions and with stated safeguards, is it reasonable to assume that rule 56 should be construed to allow such judgments without restrictions? A persuasive feature is that federal courts hold that even under rule 54(b) a judgment for part of the damages or for part of the relief sought under a single claim or cause of action can not be entered in advance of trial and final judgment. Thus, under 54(b) which expressly provides for partial judgments, the judgment which was entered in the present case would not be proper, and it was so held in the Biggins, Coffman and Commonwealth cases. A fortiori, such a premature partial final judgment, held in the federal courts to be not allowable under federal rule 56, is not authorized under Florida rule 1.36. When Florida (in 1950, as common law rule 43 and equity rule 40, and later in 1954 as rule 1.36 F.R.C.P.) adopted, as a rule of procedure for this state, a rule which was in effect in the federal practice and which then had an established construction, should it not be assumed that Florida accepted the rule as so construed?
In Berry v. Pyrofax Gas Corporation, Fla.App. 1960, 121 So.2d 447, cited and relied on by the appellees, the first district court of appeal stated its view, contrary to Biggins, that the summary judgment rule authorizes partial final judgments. The opinion in the Berry case discloses that was obiter dictum, and was not the holding or decision of that case. This is so because the order appealed there was not a partial summary judgment. It was an amended order on a motion for summary judgment which (as Biggins had construed the rule to require) found the part of the damages sought which were due without dispute, removed the issue relating thereto from further consideration and deferred entry of judgment thereon until final judgment.[3] *308 The first district court affirmed that provision of the order, and thus dealt with the matter in a manner wholly consistent with the construction we now place on the rule and which in Biggins was placed on the equivalent federal rule.
Other than the dictum in Berry, we have been shown no construction of rule 1.36, F.R.C.P. in the respect involved here in any Florida case, nor have we been shown any Florida case involving such a partial (final) summary judgment in which the decision has depended upon and been made on a construction of rule 1.36, F.R.C.P. differing from the construction we have placed on that rule. As we read Lalow v. Codomo, Fla. 1956, 88 So.2d 752, which the district court in the Berry case regarded as a refusal of the Supreme Court to follow Biggins, the Supreme Court of Florida, on quashing the appeal for want of jurisdiction, simply stated as a precautionary measure that it was not expressing any opinion on whether rule 1.36, F.R.C.P. "contemplates more than a pretrial sifting of the issues." The earlier case of National Airlines, Inc. v. Florida Equipment Co., Fla. 1954, 71 So.2d 741, (being the only case cited on the proposition in 30 Fla.Jur., Summary Judgments, § 30, as referred to by the district court in Berry) was decided before the 1954 Rules of Civil Procedure became effective and under an earlier rule similar to 1.36, F.R.C.P. To the extent that the National Airlines case may bear on the point it does so only indirectly, because construction of the rule in this regard does not appear from the opinion to have been a concern there.
For the reasons stated the judgment appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
TILLMAN PEARSON, Judge (dissenting).
I would follow the decided case, Berry v. Pyrofax Gas Corporation, Fla.App. 1960, 121 So.2d 447. See also Morris v. Truax, Fla. App. 1963, 152 So.2d 515, 519. In addition, I am unable to understand why a plaintiff clearly entitled to judgment should have to wait for it until a severable portion of the action is litigated.
NOTES
[1] The motion for partial summary judgment was as follows:

"Upon the basis of the pleadings and affidavits on file, the plaintiffs submit that there is no genuine issue as to the material facts:
"(a) That the defendant wrongfully withholds and refuses to pay to the plaintiffs one-half of the plaintiffs' deposit, to wit, $5,000.00.
"(b) That the defendant, under its own construction of the contract sued on, admittedly owes the plaintiffs the additional sum of $8,799.23.
"Wherefore, the plaintiffs move the Court to enter a Partial Summary Judgment as provided in Rule 1.36(d) F.R.C.P., reserving for adjudication only the issues raised concerning the Circus Bar."
[2] An affidavit of the plaintiff Jack Young stated:

"4. That of said net aggregate sum of $19,389.44 the defendant owes to the plaintiffs the sum of $8,799.23, the payment of which, although demanded, the defendant has refused to make.
"5. That as provided in paragraph 18 of the contract sued on the plaintiffs deposited $10,000.00 with the defendant and that $5,000.00 of said deposit is still held by the defendant notwithstanding there has been no default on the part of the plaintiffs nor any failure on the part of the plaintiffs to pay any of the items enumerated in said paragraph 18.
"6. That the only dispute between the parties involves plaintiffs' assertion and defendant's denial that the Circus Bar was an integral part of the LaRonde Room; which dispute, if resolved in favor of the plaintiffs, will entitle the plaintiffs to payment by the defendant of the sum of $6,864.00, and in no event, however resolved, can reduce or affect the sums of $8,799.23 of profits and the $5,000.00 deposit referred to in paragraphs 3 and 4 of the Amended or Supplemental Complaint and paragraphs 4 and 5 of this Affidavit.
"7. That aside from the amount the defendant may owe the plaintiffs, upon resolution of the dispute concerning the Circus Bar, the defendant is indebted to the plaintiffs in the sum of $13,799.23."
[3] In the Berry case the trial court at first had included in its order a judgment for a portion of the damages claimed, but later amended the order to eliminate such partial summary judgment and substitute in its place, with respect to that portion of the damages, the following language: "that said issue is hereby eliminated as an issue in this cause and that plaintiff [on the counterclaim] shall have judgment against the defendant upon said issue upon the entry of Final Judgment in this cause after the trial of the remaining issues in this cause". It was in that amended form that the order was appealed, as was made clear by the appellate court when it said: "Both parties in their briefs seemingly treated this appeal as though it were an appeal from the partial summary judgment as amended, and under the circumstances we shall, in the interest of the administration of justice under law, do the same."