CARROLL, Judge
(concurring specially).
I concur in the separate order entered by this court denying appellee’s motion to dismiss, because the appeal from the subsequent judgment for attorney’s fees was timely filed.
This was an action by beneficiaries under a $25,000 life insurance policy, to recover the amount of the policy. Plaintiffs’ motion for summary judgment was granted, and summary judgment was entered for them against the defendant insurer for $25,000 on December 4, 1965, in the following language:
“Plaintiffs are granted judgment in the action and recover of and from the Defendant the sum of Twenty Five Thousand ($25,000.00) Dollars together with interest, costs and attorneys fees to be hereafter set by the Court on proper application.”
Further in that order the court stated: “Final judgment shall be entered herein after the termination of the matters of interest attorney fees and costs.” Appellant contends that clause made the $25,000 summary judgment interlocutory.
The judgment thus entered on December 4, 1964 was a partial summary judgment, being a final disposition of the cause of action declared upon on the written insurance contract. When held entitled to recover *539 on the policy, plaintiffs became entitled also to recover attorney’s fees in such amount as the court should allow, as provided for by statute, § 627.0127, Fla.Stat., F.S.A.
Thus at the time judgment was entered on the main element of damages, the court did not grant judgment on the separate element of damages for attorney’s fees. In addition to separating those elements of damage for a judgment at different times, the court also separated elements of damage on the main cause of action, by granting judgment for the principal on December 4, 1964, and granting judgment for the interest thereon later when judgment was entered for attorney fees, on March 31, 1965.
The appeal taken by the defendant on May 25, 1965 was timely as to the later judgment of March 31, 1965, but was filed more than sixty days after rendition of the earlier judgment for $25,000.
Under our holding in Fontainebleau Hotel Corp. v. Young, Fla.App.1964, 162 So.2d 303, instead of entering a partial summary judgment when other elements of damage remained to be considered and ruled upon, the court should have contented itself with determining that the plaintiffs were entitled to recover $25,000 on the policy with interest thereon, and withheld entry of judgment for the amount of the policy until the other elements of damage were considered and adjudicated. When no appeal was taken from that partial summary judgment within sixty days after it was rendered, it was not reviewable thereafter.
It is significant that the parties in the trial court appear to have regarded the award for $25,000 as contained in the “judgment” of December 4, 1964 as a judgment. The plaintiffs sought execution thereon, and the trial court, instead of holding such an award was not a judgment and therefore was not subject to execution, entered an order on defendant’s motion, staying execution until the remaining issues were concluded.
In summary, the appeal was timely to the subsequent order of March 31, 1965, which involved only attorney fees, some interest and costs, but the partial summary judgment for $25,000 of December 4, 1964 was not timely appealed, and is not a matter for inquiry or review on the present appeal.