PER CURIAM.
Petitioner seeks a writ of common law-certiorari to the Circuit Court of Duval: County to review an order entered upon petition for rehearing, which order set aside a final summary judgment previously-entered in favor of plaintiff.
 The scope of common law certio-rari is strictly limited and is applied to review an interlocutory order in an action at law only under exceptional circumstances. The rule is concisely stated in Brooks v. Owens, 97 So.2d 693, 695 (Fla.1957). viz.:
“Where it clearly appears that there is no full, adequate and complete remedy by appeal after final judgment available to the petitioner, this court will consider granting the writ, as where the-lower court acts without and in excess of its jurisdiction, or the order does not conform to essential requirements of law *187 and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.”
Petitioner’s prayer for relief seeks from ■this court a mandate directing the trial court to set aside its order vacating the •summary final judgment. Such action would result in directing the trial court to enter a summary final judgment. In Pullman Company v. Fleishel, 101 So.2d 188 (Fla.App. 1st, 1958), this court stated:
“Our research has failed to reveal any authority, and none has been cited by pe-titioner, which authorizes the granting •of certiorari to review an order denying summary judgment in an action at law. It is indisputable that the necessity of •defending any legal action can he bur-densome and vexatious. Such, however, is one of the hazards of living and doing business under a system of free enterprise in which one who conceives him•self to be injured is privileged to seek redress in a court of law.
“Our Supreme Court has denied certio-rari to review a trial court’s order overruling a demurrer to a declaration seeking damages at law. As in the case under consideration, the petitioner urged that the challenged order did not conform to the essential requirements of law, and that to require petitioner to defend would be expensive, time consuming and harassing.”
Although it might well be that the grounds recited in the trial court’s order vacating its summary final judgment are insufficient in law, other meritorious grounds may be shown upon an appeal from a final judgment.
Finding no material injury for which petitioner will not be able to remedy by appeal, we decline to issue the writ.
Certiorari denied.
RAWLS, C. J., and CARROLL, DONALD K., and WIGGINTON, JJ., concur.