ON MOTION TO DISMISS
HOBSON, Chief Judge.
Appellee, Chief Pontiac Motors, Inc., a Massachusetts corporation authorized to do business in the State of Florida and successor to Royal Palm Harbor, Inc., a merged Florida corporation, has moved this court to dismiss this appeal insofar as the same pertains to this appellee, hereinafter referred to interchangeably as “Chief Pontiac,” or “Royal Harbor.”
The motion involves the finality of a “split” judgment against less than all of the defendants in a case. We must determine whether such judgment was final at the time so as to preclude appellate review at this belated date.
*109 The motion herein was originally filed when this cause was pending in the Supreme Court of Florida, but was not ruled upon by that court as this cause was transferred by the Supreme Court of Florida to this court.
The briefs and the pertinent portions of the record filed herein reveal that it would serve no useful purpose in order to dispose of this motion to here set out the long history of years of litigation among the various parties herein in the courts of this state.
The necessary background contained in the briefs and the record filed herein reveals that the petitioner-appellant, Vincent H. Conboy, brought a class suit in equity in behalf of himself and all other ad valorem taxpayers residing in the City of Naples. Named as defendants were the City of Naples, its tax assessor, the State Comptroller, Port Royal, Inc., a land development concern, and another land development concern, the moving appellee herein, Chief Pontiac (Royal Harbor). Appellant claimed that for the year 1966, the lands owned by developer Port Royal, Inc. and the lands owned by developer Chief Pontiac were greatly under assessed and not assessed at their fair market value, having the result that all lands in the City of Naples did not bear their just burden of taxation which undervaluation by the city of the developer’s lands resulted in an increase in taxes to appellant and others similarly situated.
From exhibits 1 and 2 attached to petitioners’ complaint and from answers to interrogatories and the descriptions of property contained therein, it is evident that Royal Harbor (Chief Pontiac) has no interest in any of the lands owned by Port Royal, Inc. and vice versa.
After sundry pleadings, motions and other matters, this cause came on for trial. During the two-month hiatus between the second and third days of trial, a judgment, final in form and substance, was entered in favor of Chief Pontiac pursuant to its motion for directed verdict. This “final” judgment was dated October 31, 1967, and recorded November 7, 1967. Some six months later, after the remaining defendants completed the presentation of their evidence and petitioner some rebuttal evidence, the lower court by order dated May 14, 1968, entered final judgment in favor of the remaining defendants. This final judgment was rendered on July 1, 1968.
The notice of appeal herein was filed on July 8, 1968. Though Chief Pontiac was not mentioned in the final judgment of May, 1968, as that judgment concerned itself with the remaining defendants, the assignments of error filed herein (Nos. 18 and 19) concern themselves with the lower court’s granting of the motion for directed verdict made by appellee, Chief Pontiac at the close of appellants’ case and the entry of “final judgment” in favor of said ap-pellee under the 1967 date which reads as follows:
“THIS CAUSE coming on this day for final judgment in favor of CHIEF PONTIAC MOTOR, INC., and it appearing to the Court that trial in this cause commenced on October 19, 1967, and continued on October 20, 1967, at which time the Defendant, CHIEF PONTIAC MOTOR, INC., made a motion for directed verdict and entry of judgment in favor of the said Defendant, which motion was granted by this Court, and the Court having heard the evidence, the arguments of counsel and been duly advised in the premises, it is, thereupon,
“ORDERED AND ADJUDGED that Final Judgment be, and the same is hereby, entered in favor of the Defendant, CHIEF PONTIAC MOTOR, INC., and that the Petitioners take nothing against said Defendant by this suit, and that the said Defendant, CHIEF PONTIAC MOTOR, INC., shall go hence without day.”
The question raised by appellee’s motion is whether the “Final Judgment” in favor of Chief Pontiac in 1967 was a mere interlocutory order which may be considered upon appeal 'from the final judgment ren *110 dered on July.l, 1968, or whether it was in fact a final judgment rendered in November, 1967, requiring appellate review, if desired, at that time.
In Hillsboro Plantation v. Plunkett, 55 So.2d 534, at page 535 (Fla.1951), the Supreme Court of Florida speaking through Mr. Justice Roberts stated:
“In courts of other jurisdictions, it appears to be generally held that, if a decree dismissing one or more of a larger number of defendants whose interests are not all connected with the others finally settles the cause as respects those defendants dismissed, such decree is final and appealable. Ghaster v. City of Fostoria, 115 Ohio St. 210, 152 N.E. 651, 46 A.L.R. 1439; Attorney General v. Pomeroy, 39 Utah 426, 73 P.2d 1277, 114 A.L.R. 726; and the cases cited in the annotation in 80 A.L.R. at page 1192 et seq.”
The general rule is that where suit is against several defendants, jointly liable, disposition of the cause as to some of them with no determination as to the others is not final. Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443, and cases following that decision. However, as was approved by the Supreme Court of Florida in the Hills-boro Plantation case, supra, “a judgment affecting one but not all of multiple defendants where the claim adjudicated is separable from and collateral to rights asserted in the action” the judgment is final. Swift & Co. Packers v. Compania Colombiana Del Caribe, 70 S.Ct. 861, 339 U.S. 684, 94 L.Ed. 1206; Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478; Thompson v. Murphy, 8 Cir., 93 F.2d 38; Collins v. Metro-Goldwyn Pictures Corporation, 2 Cir., 106 F.2d 83; and Siegmund v. General Commodities Corporation, Ltd., 9 Cir., 175 F.2d 952.
The proceedings under review here involve the assessments of subdivision lands by the tax assessor of the City of Naples. Chief Pontiac did not own, had no interest in, and was not involved with any subdivision lands of the other developers remaining in the case after the final judgment rendered in favor of Chief Pontiac.
This judgment terminated the litigation between appellants and Chief Pontiac on the merits and left nothing to be done in the way of further judicial labor.
We conclude, under the facts of the case sub judice, that any desired appellate review of the granting of Chief Pontiac’s motion for directed verdict and entry of final judgment in its favor should have been initiated within the time prescribed by law from the rendition of final judgment on November 7, 1967. This was not done and the motion to dismiss is hereby
Granted.
LILES and McNULTY, JJ., concur.