246 So.2d 629 (1971)
R.J. BROWN, INC., a Florida Corporation, Petitioner,
v.
Tina SEMINERIO, a Minor by Her Father and Next Friend, Joseph Seminerio, and Joseph Seminerio, Individually, and Lew Rich Corporation, a Florida Corporation, Respondents.
No. 70-929.
District Court of Appeal of Florida, Fourth District.
April 2, 1971.
Thomas B. Mimms, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for petitioner.
David T. Price of Price & Byrne, Fort Lauderdale, for respondents-Seminerio.
CROSS, Chief Judge.
The petitioner, R.J. Brown, Inc., a Florida corporation, one of two defendants in the trial court, seeks review by common law certiorari of an interlocutory order denying petitioner's motion for summary judgment. We deny certiorari.
*630 On January 2, 1969, complaint was filed by the respondents-plaintiffs, Tina Seminerio, a minor by her father and next friend, Joseph Seminerio, and Joseph Seminerio, individually, seeking to recover damages for personal injuries to the minor plaintiff and expenses of the father which occurred on January 3, 1965, when the minor plaintiff and her father were on the premises of a restaurant leased to the defendant, Lew Rich Corporation, by the petitioner, R.J. Brown, Inc.
Thirty-four days after the filing of the complaint, the Clerk of the Circuit Court of Broward County issued the summons. The summons with copy of the complaint was served upon the petitioner on February 13, 1969.
Petitioner timely answered, in essence denying all the allegations of plaintiffs' complaint, and asserting as a defense that the four-year statute of limitations had expired prior to the time that plaintiffs' complaint was served upon the petitioner; further, that the face of the pleadings revealed that the complaint was filed January 2, 1969, and that the summons for service on the petitioner was not issued until February 5, 1969, whereas the date of the injury set forth in plaintiffs' complaint was January 3, 1965.
Petitioner thereafter filed motion for summary judgment. In support of the motion for summary judgment, petitioner filed an affidavit of the assistant secretary-treasurer of petitioner's corporation, asserting that the assistant secretary-treasurer was residing in Pompano Beach, Florida, during the months of January and February 1969. Also filed in support of the motion for summary judgment was the deposition of respondent's counsel. Petitioner's motion for summary judgment was bottomed upon the assertion that no genuine issue as to any material fact existed and that based upon the four-year statute of limitations the petitioner was entitled to a judgment in its favor as a matter of law. The trial court denied petitioner's motion for summary judgment. Hence this petition for writ of certiorari to review the order denying the motion for summary judgment.
The petitioner alleges in the petition for writ of certiorari that the trial court in denying the motion for summary judgment departed from the essential requirement of law and that the petitioner has no remedy, save certiorari, to guard its right and protect itself from the irreparable harm of incurring the expenses for representation at unnecessary and invalid trial proceedings.
Initially, we are confronted with the propriety of reviewing by common law certiorari an interlocutory order in a civil action denying a motion for summary judgment. In making this determination, the Florida Supreme Court in Brooks v. Owens, Fla. 1957, 97 So.2d 693, expressed the following:
"This court will review an interlocutory order in law only under exceptional circumstances. Where it clearly appears that there is no full, adequate and complete remedy by appeal after final judgment available to the petitioner, this court will consider granting the writ, as where the lower court acts without and in excess of its jurisdiction, or the order does not conform to essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate."
Considering this case in the light of the foregoing rule, and with a realization that there is expense in defending lawsuits, to grant the relief sought herein to review an order denying a motion for summary judgment would, in our opinion, be a disruption of the orderly process of administration of justice and an intrusion upon the trial jurisdiction of the lower court. We would in fact be interjecting ourselves into the middle of a lawsuit and directing the trial judge in the conduct of the case. What in fact the petitioner seeks of this court is to enter a summary judgment in its favor.
*631 If after this case is tried a final judgment is entered against the petitioner and it is aggreived by some irregularity in the proceedings prior to that entry, it can seek the appropriate review on appeal to correct whatever irregularity it deemed occurred. Until that time, it is premature for this court to evaluate properly an interlocutory order denying a motion for summary judgment. Our determination has support in the following decisions of our sister appellate courts: Meckler v. Hecht Rubber Corporation, Fla.App. 1966, 190 So.2d 186; Doby v. Griffin, Fla.App. 1962, 144 So.2d 873; Pullman Company v. Fleishel, Fla. App. 1958, 101 So.2d 188.
Accordingly, certiorari is denied without prejudice to appropriate appellate review subsequent to final judgment.
Certiorari denied.
WALDEN and MAGER, JJ., concur.