363 So.2d 815 (1978)
Antonio F. PENA, Individually, the Tony Pena Corporation, a Florida Corporation, and Tony Pena Financial Corporation, a Florida Corporation, Appellants/Cross-Appellees,
v.
TAMPA FEDERAL SAVINGS AND LOAN ASSOCIATION, a Corporation, Thomas M. Sherrill, Clarice L. Sherrill, His Wife, Earl H. Ware, Jr., and Lacey and Fleming Advertising, Inc., a Corporation, Appellees.
No. 77-1427.
District Court of Appeal of Florida, Second District.
July 26, 1978.
Rehearing Denied October 13, 1978.
*816 James L. Lee, Jr., Tampa, for appellants/cross-appellees.
Gregory E. Mierzwinski and Wm. Earle Tucker of Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for appellee/cross-appellant Tampa Federal Savings and Loan Association.
BOARDMAN, Judge.
Appellants/cross-appellees/defendants, Antonio F. Pena (Antonio), The Tony Pena Corporation (Pena Corp.), and Tony Pena Financial Corporation (Financial Corp.) appeal the partial final summary judgment entered in favor of appellee/cross-appellant/plaintiff Tampa Federal Savings and Loan Association (Tampa Federal) in an action to foreclose a mortgage. Tampa Federal cross appealed.
Tampa Federal filed this action to foreclose 57 lots. The 57 lots were at one time held solely by Pena Corp. but 56 of them had been transferred to Financial Corp. prior to institution of the foreclosure suit. Antonio was president and sole stockholder of both corporations.
Tampa Federal filed a motion for summary judgment seeking foreclosure of the 57 lots owned by both corporations. In the instrument designated "PARTIAL SUMMARY FINAL JUDGMENT OF FORECLOSURE" the trial judge granted the motion for summary final judgment as to the 56 lots owned by Financial Corp. Because Antonio and Pena Corp. had made allegations of fraud, the judge reserved jurisdiction for trial on the foreclosure of the one remaining lot held by Pena Corp. and on the counterclaim of Antonio and Pena Corp.
Appellants argue that the court did not have the authority to enter a partial summary judgment. Although it may be surprising, the Florida Rules of Civil Procedure, unlike the Federal Rules of Civil Procedure, do not permit entry of a final summary judgment until the entire case is resolved. This is true even where there are distinct and severable multiparties or multiclaims. The Florida rules incorporated the summary judgment rule, Rule 56 of the federal rules, but did not incorporate Rule 54 of the federal rules which specially allows for partial judgments as to several claims or parties joined in one action.
Under the scheme set out by the federal rules and followed by the Florida rules, a party may move for summary judgment as to one or more claims. See Fed.R.Civ.P. 56; Fla.R.Civ.P. 1.510. In both jurisdictions where the entire case cannot be finally disposed of on the motion for summary judgment, the trial judge is empowered by the summary judgment rule to separate those issues which require further litigation from those which are properly resolved on the record by summary judgment. The issues which are appropriate for immediate summary resolution are to be noted by an order stating that they have been disposed of by motion for summary judgment and reciting any pertinent undisputed facts. The rule does not contemplate that this order shall *817 be a final judgment on the issues which have been decided. The provisions of the order are to be ultimately incorporated into the final judgment at the end of the case. Pointer Oil Co. v. Butler Aviation of Miami, Inc., 293 So.2d 389 (Fla.3d DCA 1974).
Rule 54(b) of the federal rules allows for a final judgment, including a final summary judgment, to be entered on resolution of multiple claims or of the issues between two or more of the parties. The trial judge must, however, expressly find that a final judgment should be entered under the circumstances and state that the judgment is final. Because there is no counterpart in the Florida rules to federal Rule 54(b), the Florida rules do not authorize entry of a partial summary judgment as a final judgment. Fontainebleau Hotel Corp. v. Young, 162 So.2d 303 (Fla.3d DCA 1964). We hereby recede from our obiter dictum to the contrary in Morris v. Truax, 152 So.2d 515 (Fla.2d DCA 1963).
Because a sale under a foreclosure decree may not be had until the decree is final, it is also necessary to vacate that part of the summary judgment which directs a sale prior to resolution of the entire case. The remaining provisions of the summary judgment shall be considered as interlocutory and may be subject to review upon appeal from the final judgment.
On cross-appeal Tampa Federal argues that summary judgment should have been granted as to all 57 of the lots since (1) there were no issues of material fact except for those created by the counterclaim and defense of fraudulent representations and (2) the counterclaim and defense depended on an alleged oral agreement at variance with the terms of the written agreement which were inadmissible under the parol evidence rule. The argument is not sound, however, in light of the general rule that although an oral agreement may not be introduced to vary the written agreement it may be introduced to show that the written agreement was procured by fraudulent means. See 14 Fla.Jur. Fraud & Deceit § 80 (1957); Roper v. Florida Public Utilities Co., 131 Fla. 709, 179 So. 904 (1938).
REVERSED in part, and AFFIRMED in part.
GRIMES, C.J., and OTT, J., concur.

ON REHEARING
BOARDMAN, Judge.
Subsequent to the time this court filed its original opinion in this case, we have had the opportunity to reconsider our decision. Upon re-examination of opinions from the Florida courts, we have determined that our original opinion was not entirely correct. Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974) convinces us that the summary judgment rule, incorporated in the Florida Rules of Civil Procedure from the Federal Rules of Civil Procedure, has not been construed by the Florida courts as it has been by the federal courts. Therefore, Fontainebleau Hotel Corp. v. Young, 162 So.2d 303 (Fla.3d DCA 1964) is to be confined to its facts, that is to situations involving resolution of less than all of a single claim. We now hold that except in certain cases of joint liability[1] it is appropriate to enter a final summary judgment by which one or more parties are removed from the action.[2] Since the summary judgment below fully disposed of the claims involving Financial Corp., it becomes necessary to consider the merits of that party's appeal.
*818 The point which merits our attention is whether the trial court erred in failing to permit Financial Corp. to amend its answer to include the affirmative defenses and counterclaims of Antonio and Pena Corp. Any abuse of discretion in this regard could not have prejudiced Financial Corp. by failure to allow the requested amendment. The basis for the remaining counterclaim and defense was a loan agreement entered into by Tampa Federal and Pena Corp. Putting aside the issues of (1) whether the counterclaim and defense are meritorious, (2) whether fraudulent representation should be considered a defense to a foreclosure in this posture, and (3) whether Financial Corp. technically pleaded the counterclaim and defense properly, Financial Corp. was not a party to either the alleged oral contract or the written contract. Therefore, it cannot secure relief from foreclosure nor receive an award of damages for reliance on any misrepresentations since Financial Corp. was not defrauded by Tampa Federal. See, e.g, Mailing Corp. v. Ladan Corp., 85 So.2d 607 (Fla. 1956); see 14 Fla. Jur. Fraud and Deceit § 43 (1957). Since no claim for deficiency is being made against Antonio and Pena Corp., the fact that their counterclaim and defense remain pending should not affect the disposition of the 56 lots. Accordingly, the foreclosure and sale of these lots were appropriate.
Our original opinion is modified to the extent set forth above which has the effect of affirming the ruling of the trial court. Otherwise, the petition for rehearing is denied.
GRIMES, C.J., and OTT, J., concur.
NOTES
[1] It seems clear that where two parties may be contractually liable, a final judgment, summary or otherwise, should not be entered which purports to dismiss only one of them. See Conboy v. City of Naples, 226 So.2d 108 (Fla.2d DCA 1969); Ervin R. Welch & Co. v. Johnson, 138 So.2d 390 (Fla.2d DCA 1962).
[2] Our recent decision in Bourne v. Barnett Nat'l Bank, 361 So.2d 455 (Fla.2d DCA 1978) which relied upon our original opinion is not affected by our reconsideration because in Bourne the several counts in the complaint were sufficiently related that a final summary judgment should not have been entered on less than all of them. See Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).