ON REHEARING
BOARDMAN, Judge.
Subsequent to the time this court filed its original opinion in this case, we have had the opportunity to reconsider our decision. Upon re-examination of opinions from the Florida courts, we have determined that our original opinion was not entirely correct. Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974) convinces us that the summary judgment rule, incorporated in the Florida Rules of Civil Procedure from the Federal Rules of Civil Procedure, has not been construed by the Florida courts as it has been by the federal courts. Therefore, Fontainebleau Hotel Corp. v. Young, 162 So.2d 303 (Fla.3d DCA 1964) is to be confined to its facts, that is to situations involving resolution of less than all of a single claim. We now hold that except in certain cases of joint liability[1] it is appropriate to enter a final summary judgment by which one or more parties are removed from the action.[2] Since the summary judgment below fully disposed of the claims involving Financial Corp., it becomes necessary to consider the merits of that party’s appeal.
*818 The point which merits our attention is whether the trial court erred in failing to permit Financial Corp. to amend its answer to include the affirmative defenses and counterclaims of Antonio and Pena Corp. Any abuse of discretion in this regard could not have prejudiced Financial Corp. by failure to allow the requested amendment. The basis for the remaining counterclaim and defense was a loan agreement entered into by Tampa Federal and Pena Corp. Putting aside the issues of (1) whether the counterclaim and defense are meritorious, (2) whether fraudulent representation should be considered a defense to a foreclosure in this posture, and (3) whether Financial Corp. technically pleaded the counterclaim and defense properly, Financial Corp. was not a party to either the alleged oral contract or the written contract. Therefore, it cannot secure relief from foreclosure nor receive an award of damages for reliance on any misrepresentations since Financial Corp. was not defrauded by Tampa Federal. See, e.g, Mailing Corp. v. Ladan Corp., 85 So.2d 607 (Fla.1956); see 14 Fla. Jur. Fraud and Deceit § 43 (1957). Since no claim for deficiency is being made against Antonio and Pena Corp., the fact that their counterclaim and defense remain pending should not affect the disposition of the 56 lots. Accordingly, the foreclosure and sale of these lots were appropriate.
Our original opinion is modified to the extent set forth above which has the effect of affirming the ruling of the trial court. Otherwise, the petition for rehearing is denied.
GRIMES, C. J., and OTT, J., concur.

. It seems clear that where two parties may be contractually liable, a final judgment, summary or otherwise, should not be entered which purports to dismiss only one of them. See Conboy v. City of Naples, 226 So.2d 108 (Fla.2d DCA 1969); Ervin R. Welch & Co. v. Johnson, 138 So.2d 390 (Fla.2d DCA 1962).

. Our recent decision in Bourne v. Barnett Nat'l Bank, 361 So.2d 455 (Fla.2d DCA 1978) which relied upon our original opinion is not affected by our reconsideration because in Bourne the several counts in the complaint were sufficiently related that a final summary judgment should not have been entered on less than all of them. See Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla.1974).