427 So.2d 311 (1983)
SHEE-CON, INC., Appellant,
v.
AL SEIM APPRAISAL SERVICE, INC., and Al Seim, Individually, Appellees.
No. 81-907.
District Court of Appeal of Florida, Fifth District.
February 23, 1983.
W.L. Kirk and J. Hood Roberts, of Rumberger, Kirk, Caldwell, Cabaniss & Burke, P.A., Orlando, for appellant.
Ronald L. Harrop, of Gurney, Gurney & Handley, P.A., Orlando, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Shee-Con, Inc. appeals from an order dismissing its amended counterclaim against Al Seim Appraisal Service, Inc. and a final judgment entered thereon. The question is whether the trial court erred in dismissing count III of the amended counterclaim.[1] *312 We hold that it did and reverse the final judgment as to count III.
Shee-Con owned a piece of earth moving equipment known as a "WABCO Pan" which was heavily damaged by fire. The WABCO pan was transported to Adams Construction Equipment Company for repairs. Great American Insurance Company, the insurance carrier for Shee-Con, instructed Shee-Con to contact Al Seim Appraisal Service which had been retained to prepare an estimate of the repair costs, to monitor the necessary repairs undertaken by Adams, and to otherwise adjust the property loss.
Several months later, Adams sued Shee-Con to recover sums due on a lease for replacement equipment. Shee-Con counterclaimed against Al Seim alleging that Al Seim had made misrepresentations of material fact regarding attempts to obtain a cost estimate and to prepare an evaluation of the repair costs and the value of the pan. Shee-Con further alleged that had Al Seim made a proper appraisal, the WABCO pan would have been "totaled" and Shee-Con would have received its actual cash value permitting it to purchase replacement equipment and continue its business uninterrupted.
Al Seim concedes that an agent, even though acting in the course of his employment, is liable for actual deceit and fraudulent representations. Wheeler v. Baars, 33 Fla. 696, 15 So. 584 (1894); Bobby Jones Garden Apts., Inc. v. Suleski, 391 F.2d 172 (5th Cir.1968). However, Al Seim contends that count III not only fails to state a cause of action but alleges facts which affirmatively establish that Shee-Con has no cause of action for fraud and deceit.
The essential elements of a fraudulent representation for which relief can be had are:
(1) a false statement concerning a specific material fact;
(2) the representor's knowledge that the representation is false;
(3) an intention that the representation induce another to act on it;
(4) consequent injury by the other party acting in reliance on the representation.
Amazon v. Davidson, 390 So.2d 383 (Fla. 5th DCA 1980).
Al Seim contends in his argument that there are no allegations that Shee-Con acted in anyway in reliance upon the alleged misrepresentations, but that any misrepresentations made were made to Great American and that only Great American relied on them. As only the person defrauded can claim a basis for relief, Al Seim argues that the complaint affirmatively shows that Shee-Con is not entitled to relief. However, this argument overlooks the allegations of paragraph 25 of the counterclaim. There Shee-Con alleged that Al Seim made misrepresentations of material fact to Shee-Con and to Great American and that these misrepresentations were relied upon by Great American and Shee-Con with a resulting substantial change in position, i.e., permitting the repair rather than "totaling" the WABCO Pan. These allegations are sufficient to show that Shee-Con, as well as Great American, may have been defrauded.
Mailing Corp. v. Ladan Corp., 85 So.2d 607 (Fla. 1956), cited by Al Seim is distinguishable. In that case, the complaint failed to allege that the plaintiffs had relied or had the right to rely on the allegedly false representations. In addition, the party actually defrauded was not a plaintiff in the cause. In contrast, here Shee-Con specifically alleged that it had relied on Al Seim's alleged misrepresentations to its detriment. Thus, unlike Mailing, the amended counterclaim here states a cause of action for which relief could be granted and hence should not have been dismissed.
REVERSED and REMANDED as to count III.
ORFINGER, C.J., and DAUKSCH, J., concur.
NOTES
[1] Shee-Con did not appeal the dismissal of count I. As to count II, the issue was not raised in Shee-Con's initial brief and therefore we do not consider whether this count was properly dismissed. See Pursell v. Sumter Electric Co-Operative, Inc., 169 So.2d 515, 518 n. 2 (Fla. 2d DCA 1964).