RYDER, Judge.
In May 1983, this case went to trial on three counts: conversion of cattle; violation of the Florida Securities Act; and common law fraud and misrepresentation. At the close of the evidence, the trial court directed verdicts against Richard J. Finoc-chi, the plaintiff below, on the counts alleging Florida Securities Act violations and fraud and misrepresentation. As to the count for conversion, the jury returned a verdict against Finocchi and in favor of appellees Robert J. Nies and Nies Management Company (NMC), but awarded damages to Finocchi against several of the other appellees.
In this appeal, Finocchi attacks the trial court’s entry of the directed verdicts. Nies and NMC cross-appeal claiming that the trial court erred by allowing certain expert testimony, and by allowing the use of excerpts from a deposition.
Finocchi and Nies became involved in 1975. Nies advised Finocchi in the investment of money in a cattle operation as a tax shelter. Nies solicited additional investments from Finocchi; Finocchi invested in a second cattle breeding program. Testimony indicated that Nies advised Finoc-chi; assisted Finocchi in investing in tax shelters; represented to Finocchi that Fi-nocchi was paying fair market value for the cattle; and represented that Finocchi could not lose on the transactions. Nies admitted that the sale to Finocchi of participation in the cattle programs was the sale of securities. Nies is a registered stockbroker and a member of the National Association of Securities Dealers.
Finocchi testified that he was strongly influenced in his decision to invest in the cattle programs by Nies’ representations of the cattle’s fair market value. Finocchi was not given a prospectus describing either investment although he had signed a statement indicating that he did receive one such prospectus.
Eventually, the cattle were “lost in the shuffle.” Finocchi stated that he never gave authority for the sale of his cattle, and he received no money from any such sale.
From these facts, litigation resulted. We agree with Finocchi that it was error for the trial court to direct verdicts on the counts alleging securities violations and fraud and misrepresentation.
Chapter 517, Florida Statutes (1983), is the Florida Securities Act. Section 517.- *90 301, Florida Statutes (1983), provides that it is a violation of the Florida Securities Act for any person:
(1) In connection with the offer, sale, or purchase of any security, including any security exempted under the provisions of s. 517.051 and including any security sold in any transaction exempted under the provisions of s. 517.061, directly or indirectly:
(a) To employ any device, scheme, or artifice to defraud;
(b) To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
(c) To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any person.
(2) To publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, communication, or broadcast which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received directly or indirectly from an issuer, underwriter, or dealer, or from an agent or employee of an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.
(3) In any matter within the jurisdiction of the department, to knowingly and willfully falsify, conceal, or cover up, by any trick, scheme, or device, a material fact, make any false, fictitious, or fraudulent statement or representation, or make or use any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry.
We have not been favored with those portions of the transcript reflecting argument to the trial court or the reasons for which the trial court directed a verdict on the alleged Securities Act violations; nevertheless, our review of the record causes us to conclude that a directed verdict on this issue was erroneous. The evidence presented during trial may reasonably be interpreted in a manner which would allow the factfinder to determine that the appellees have violated the Florida Securities Act and that appellant is entitled to relief. Reinhart v. Seaboard Coast Line Railroad Co., 422 So.2d 41 (Fla. 2d DCA 1982), petition for review denied, 431 So.2d 988, 989 (Fla.1983); Professional Computer Management, Inc. v. Tampa Wholesale Liquor Co., Inc., 374 So.2d 626 (Fla.2d DCA 1979). The trial court thus erred by directing a verdict in favor of the appellees on the alleged violations of the Florida Securities Act.
Similarly, evidence was presented dealing with Finocchi’s allegations of common law fraud and misrepresentation. Factual questions and inferences remained for resolution and determination by the jury; a directed verdict on this point also was erroneous. Reinhart; Professional Computer Management, Inc. See also Shee-Con, Inc. v. Al Seim Appraisal Service, Inc., 427 So.2d 311 (Fla. 5th DCA 1983); Amazon v. Davidson, 390 So.2d 383 (Fla. 5th DCA 1980).
We have considered the two issues raised in the cross-appeal by Nies and NMC. No reversible error has been shown as to those issues.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent herewith.
OTT, C.J., and BOARDMAN, J., concur.