MATHEWS, Justice.
The appellant purchased a used automobile from the appellee. She went into the *579 appellee’s place- of business with some friend and signed a written, contract, reading in part as follows:
“Please enter my order for one used car — as is: * * *
“No .Saleman’s verbal agreement is binding on the Company; all terms and conditions of this sale are expressed in this agreement; any promises or understandings not herein specified in writing, are hereby expressly waived. * * *»
On the same day appellant was given an Approved Used Car Warranty which warranted the condition of'the car for thirty days and provided that any defects in the car would be remedied at a cost of only 50% of both parts and labor, and further provided in Paragraph 5 as follows:
“No other warranties, representations, or agreements, expressed or implied, have been made to the buyer.”
About a month after the purchase of the used car, it was returned to the appellee for repairs., which repairs were made at a cost of $456.99. .Appellant refused to pay the bill and brought this suit, claiming that the appellee had fraudulently misrepresented the used car to her. The appellee filed a counterclaim for one-half the amount of the repair bill. The trial Judge directed a verdict against the appellant as to her complaint for fraud and the jury returned a verdict against her on the counterclaim for ori,e-half of the repair bill.’ Judgment was entered upon this verdict and the appellant prosecutes this appeal.'
The allegations and the proof with - reference to fraudulent misrepresentations were wholly insufficient. Nothing new. would be presented to -the jurisprudence of-the State by a discussion of the requirements to allege and prove fraudulent misrepresentations. The fact that there was a written guarantee and the rights of the parties were definitely defined negatives the idea of fraudulent misrepresentations and pre-supposes that something might be »vrong with the condition of the used automobile which would require repairs, which it might be necessary to remedy, with • a • portion of the cost thereof to be borne by each of the parties.
It has not been made to appear that any reversible error was committed by the trial Court.
Affirmed'.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.