353 So.2d 200 (1977)
CITY OF HIALEAH GARDENS, a Municipal Corporation, Petitioner,
v.
Jose PRIETO, Jr. and Department of Commerce, Division of Employment Security, Respondents.
No. 77-1120.
District Court of Appeal of Florida, Third District.
December 20, 1977.
*201 Wepman & Wepman, Miami, for petitioner.
Kenneth H. Hart, Jr., Tallahassee, James R. Parks, Miami, for respondents.
Before HENDRY, C.J., and HAVERFIELD, J., and DREW, E. HARRIS (Ret.), Associate Judge.
PER CURIAM.
Petitioner employer appeals an order of the Industrial Relations Commission which affirmed the decision of the appeals referee that petitioner's former employee is entitled to unemployment compensation benefits because he was discharged from his job.
Jose Prieto, Jr. was employed by the City of Hialeah Gardens as a police officer. A dispute arose between them and he was suspended. He was then advised that a hearing on this matter would be held pursuant to Section 112.531, Florida Statutes (1975).[1] However, prior to the hearing, Prieto and the chief of police reached an agreement whereby Prieto would receive a letter of commendation in exchange for his resignation. The letter was offered and Prieto orally resigned. Shortly thereafter Prieto filed suit in the circuit court seeking to enjoin the City of Hialeah Gardens from violating his rights under Section 112.531, Florida Statutes (1975) and praying that he be reinstated. The cause was heard and the chancellor entered final judgment for the City based upon the finding that Prieto orally resigned his position. Prieto then filed for unemployment compensation benefits. The claims examiner disqualified him because he had resigned. Prieto appealed and the appeals referee reversed the disqualification determination of the claims examiner and found that Prieto was discharged. The City appealed the referee's decision to the Industrial Relations Commission which entered an order affirming that decision. The City filed the instant petition for certiorari seeking review of this order. We reverse.
This cause is a classic example of when the doctrine of estoppel by judgment is to be applied. The equitable doctrine of estoppel by judgment precludes the parties from litigating in a second suit, issues which were actually decided in a previous suit even though the causes of action are different. See Gordon v. Gordon, 59 So.2d 40 (Fla. 1952); Smith v. Florida East Coast Railway Company, 151 So.2d 70 (Fla. 3d DCA 1963); Hohweiler v. Hohweiler, 167 So.2d 73 (Fla. 2d DCA 1964).
As of necessity the issue of whether Prieto resigned or was discharged had and was litigated in the suit he brought in the circuit court. In that action the chancellor found that he, in fact, resigned. Thus, Prieto was precluded from litigating this same issue in the unemployment compensation proceedings. Accordingly, the Industrial Relations' order affirming the decision of the appeals referee is reversed and the cause is remanded to the commission to enter an order reinstating the determination of the claims examiner that Prieto resigned and, therefore, is disqualified from receiving unemployment compensation benefits.
Certiorari granted.
NOTES
[1] Police Officers' Bill of Rights.