PER CURIAM.
The Board of County Commissioners of Dade County (Dade County) filed a complaint seeking money damages from Eagle Family Discount Stores, Inc. (Eagle) for its negligence in stacking and arranging certain goods and products stored in a warehouse owned by Dade County and leased to Eagle. Dade County now appeals an order striking its complaint against Eagle as a sham as well as a final order dismissing its complaint with prejudice. As grounds for its motion to strike, Eagle alleged that in a prior declaratory action in Federal Court, Dade County had taken a position inconsistent with its position in this case, now knowing same to be false.
Pertinent history is that following a fire in the warehouse, United States Liability Insurance Company, Dade County's casualty insurance carrier, sued for a judgment relieving it from liability for losses to Dade County due to the fire. The carrier alleged, among other things, that Dade County at the time of the loss, and prior thereto, knew, or in the exercise of reasonable care should have known, that there was improper storage of materials in the building which materially increased the fire hazard for the building and which could or did cause the loss by fire. The carrier further contended that this activated a policy provision which suspended coverage.
Dade County denied the allegations as to improper storage, and through the testimony of Eagle’s warehouse manager, together with his computer records, obtained a favorable order stating that there was no evidence that the storage practices increased the fire hazard. Actually, Dade County collected its insurance by proving there were no improper storage practices by Eagle and now maintains a completely inconsistent position in pleadings seeking damages from Eagle for the same improper storage it successfully proved did not exist. Olin’s Inc. v. Avis Rental Car System of Florida, 104 So.2d 508 (Fla.1958).
*487 In the declaratory action, the issue was, “Did improper storage practices by Eagle increase the fire hazard, and did Dade County have control or knowledge of same?” The second part of the question became moot upon finding that there were no improper storage practices. In this case we have the same issue, “Did improper storage practices by Eagle increase the fire hazard?”
Though the causes of action in the two cases are admittedly different, the relevant issues are identical, and a court of competent jurisdiction has decided the exact question. Standard Accident Ins. Co. v. Simpson, 151 Fla. 564, 10 So.2d 85 (1942). Therefore, Dade County is estopped by judgment from litigating the same issue in a state court. City of Hialeah Gardens v. Prieto, 353 So.2d 200 (Fla. 3rd DCA 1977); and we concur with the trial court’s determination that there were no genuine issues to be tried.
Affirmed.