FERGUSON, Judge.
Scandia of Hialeah and Furniture Frames, Inc. were two corporations, housed in the same warehouse building, which manufactured and sold plexiglass furniture. On February 9, 1972, the building and its contents, insured by appellant, were destroyed by fire. The president, David Chaykin, sued on one of several policies to recover for loss of contents. Judgment was rendered in favor of appellees on the issue of liability and damages. We affirmed the judgment of liability. All-Star Insurance Corp. v. Scandia, Inc., 321 So.2d 575 (Fla. 3rd DCA 1975) (but reversing the setting aside of jury’s verdict on damages). National Union Insurance was a party to the first trial and appeal.
This appeal is from a subsequent jury verdict awarding damages of $187,500 plus interest against a second policy which insures for business interruption losses. The trial court granted appellees’ motion to strike defenses and for partial summary judgment leaving only the issue of damages to be tried by jury.
Appellant raises ten issues by this appeal. As a first issue, National Union contends that the trial court erred in striking its defenses as to liability. We disagree and affirm on this point. The issue of liability was previously determined as between these same parties in the first action on the contents policy, thus the court was correct in ruling that National Union was collaterally estopped from raising the same defense in the business interruption action. See, e.g., Mobil Oil Corporation v. Shevin, 354 So.2d 372 (Fla.1977); Seaboard Coast Line R. R. Co. v. Cox, 338 So.2d 190 (Fla.1976); Tuz v. Edward M. Chadbourne, Inc., 310 So.2d 8 (Fla.1975); Board of County Commissioners of Dade County v. Eagle Family Discount Stores, Inc., 380 So.2d 486 (Fla. 3d DCA 1980); City of Hialeah Gardens v. Prieto, 353 So.2d 200 (Fla. 3d DCA 1977); Simco Operating Corporation v. City National Bank of Miami Beach, 341 So.2d 232 (Fla. 3d DCA 1977), cert. denied, 348 So.2d 952 (Fla.1977).
National Union further contends that because appellees could not prove some profit prior to the fire, it was unable to establish a business interruption loss. The law is to the contrary, however, and such losses may be based on profit expectancies, where such expected profits are not based on speculation but on real circumstances. *535 See, e.g., General Insurance Company of America v. Pathfinder Petroleum Co., 145 F.2d 368 (9th Cir. 1944), cert. denied, 324 U.S. 844, 65 S.Ct. 679, 89 L.Ed. 1406 (1945); Fidelity-Phenix Fire Insurance Company of New York v. Benedict Coal Corp., 64 F.2d 347 (4th Cir. 1933), cert. denied, 289 U.S. 762, 53 S.Ct. 795, 77 L.Ed. 1505 (1933); Puget Sound Lumber Company v. Mechanics’ & Traders’ Insurance Company, 168 Wash. 46, 10 P.2d 568 (1932) (stating rule).
Loss for payroll expense for key personnel which insured would have had to incur during the time it would have taken to go back into business with the same quality of service which existed immediately preceding loss of business by fire is properly a question for the trial court to consider. The fact that an insured decides not to resume business and did not actually pay key personnel during the business interruption does not mean that that item cannot be considered for the purpose of determining the amount of recovery. Where the insured does not go back into business, the deduction from gross earnings for the purpose of determining actual loss would be all of the payroll expense less the amount the insured would have necessarily had to expend to retain key personnel in order to resume business. DiLeo v. United States Fidelity and Guaranty Company, 109 Ill.App.2d 28, 248 N.E.2d 669 (Ill.App.1969).
The record of this five-day jury trial is voluminous and includes over sixty exhibits. There is evidence as to the amount of time it would have taken to restore normal operations, the number of personnel that the restoration effort would have required, competent evidence that the future experience of the business would have been much better than the past experience if the loss had not occurred, and accounting evidence, though conflicting, of estimated gross earnings less charges and expenses which would not have continued during the period of business interruption. Having examined the evidence introduced on behalf of the appellee we conclude that it was sufficient to justify submission to the jury. If there is evidence tending to prove an issue though that evidence be conflicting or will admit of different reasonable inferences, it should not be taken from the jury and passed upon by the court as a question of law. Dandashi v. Fine, 397 So.2d 442 (Fla. 3d DCA 1981). Neither can we agree with appellant that the jury verdict was so unreasonable and excessive as to warrant reversal. The remaining points are equally without merit.
Affirmed.