DELL, Judge.
Appellant in an action for breach of warranty and for fraudulent misrepresentation arising out of the sale of appellees’ laundromat, seeks reversal of a directed verdict in favor of appellees.
Appellee Sara M. Corporation expressly warranted that the laundromat had produced gross income amounting to $113,000 per year. Prior to closing, appellee Sara Mos-kin, individually, provided appellant with two profit and loss statements which showed total sales of $115,000 for the year 1980 and $103,583 for the first eleven months of 1981. Mrs. Moskin signed the profit and loss statements, which her stepson had prepared. Appellant sold the business when it did not produce as represented and filed suit. At trial, appellees objected to the introduction of the Sara M. Corporation’s 1980 and 1981 tax returns. The trial court sustained the objection and excluded the tax returns. The trial court also excluded the 1982 tax returns of the MAGMA Corporation. At the conclusion of appellant’s case, the trial court directed a verdict in favor of appellees.
Appellant contends that the trial court erred when it excluded appellees’ tax returns as well as its tax returns, and when the court entered a directed verdict in favor of appellees. We agree.
The tax returns tended to prove that the Sara M. Corporation’s income was actually much less than the amount represented in the profit and loss statements. Thus, they were relevant to prove that the *535 representations in the profit and loss statements were false. Although Sara Moskin testified that she knew nothing about the tax returns, this does not justify their exclusion. A fraud may consist of a knowing or a reckless misrepresentation.
For a misrepresentation to support an action for damages, it must be a misrepresentation of a material fact. Finney v. Frost, Fla.App.1969, 228 So.2d 617. The person charged with the misrepresentation must be shown to have had knowledge of the falsity of the statement at the time it was made or the evidence must show the equivalent of such knowledge which is that the statement was made without knowledge as to its truth or falsity or was made under circumstances in which the truth should have been known to the person making the statement. Nantell v. LimWick Construction Company, Fla.App.1969, 228 So.2d 634, 637, and Joiner v. McCullers, 1947, 158 Fla. 562, 28 So.2d 823.
First National Bank of Stuart v. Jackson, 267 So.2d 697, 699 (Fla. 4th DCA 1972). If the trial judge had properly admitted the returns, it could not be said that “the record is devoid of any evidence from which a jury of reasonable men could find liability.” Allen v. Florida Power Corp., 253 So.2d 401, 403 (Fla.1971).
Accordingly we hold that the trial court erred when it excluded appellees’ income tax returns from evidence and when it directed a verdict in favor of appellees. We reverse and remand this case for trial. On remand, the trial court should reconsider the admissibility of appellant’s 1982 tax return, which may be relevant to prove damages.
REVERSED and REMANDED for a new trial.
HERSEY and WALDEN, JJ., concur.