HURLEY, Judge.
This consolidated appeal arises from two separate hearings. The issues are whether the general master erred (1) by denying the husband’s motion to continue a contempt hearing, and (2) by granting the wife’s motion for involuntary dismissal of the husband’s petition to set aside a property settlement agreement. We affirm in part and reverse in part.
Husband and wife, anticipating divorce, executed a property settlement agreement. As planned, it was incorporated into the final judgment of dissolution. One provision called for the husband to transfer his interest in the marital home to the wife as lump-sum alimony. Another provision provided that each party released the other and relinquished “all rights that he or she may now have or may hereafter acquire to the other parties [sic] property....”
Approximately three months after the entry of the final judgment, the wife moved to hold the husband in contempt for failing to convey the marital home. Additionally, the wife claimed that the husband refused to return certain stock certificates which were listed in her name and which, she said, were in the husband’s possession. The trial court referred the matter to a general master who set the matter for hearing in approximately sixty days. Two days before the scheduled hearing, the husband filed a motion to continue. Husband’s counsel argued that he needed additional time to conduct discovery in support of the husband’s affirmative defense. The husband intended to assert that he was justified in refusing to convey his interest in the marital home because the wife had reneged on an oral promise to sign-over certain stock certificates to the husband’s mother. The master denied the motion to continue.
The husband testified about the oral promise which the wife, in turn, denied making. Thereafter, the master entered a report which recommended that the husband be held in contempt. The husband filed exceptions and, on the same day, filed a petition to set aside the property settlement agreement and to modify child support. This petition was grounded on the husband’s affirmative defense, i.e., that the wife had reneged on an oral promise to sign-over the stock certificates. The trial court considered the husband’s exceptions and entered the following order:
[The husband’s exceptions are] denied and husband shall comply with said order; however, the wife shall not convey, dispose of or otherwise encumber the property until the resolution of H’s Pet. to Set Aside PSA & FJ.
Next, the court referred the husband’s petition to a general master. At the ensuing hearing, the husband called, as his first witness, the attorney who had represented the wife during the negotiation of the property settlement agreement. He testified that there were “some discussions between the [husband and wife] before the Agreement was signed, wherein they indicated to each other, and not to myself, that they had some type of agreement.” The husband then testified that the agreement concerned 1,965 shares of Sealed Power stock, worth about $80,000, which belonged to his mother and which had been placed in the wife’s name for financial reasons. The husband said that the parties agreed that the stock was not a marital asset and, that in exchange for his promise to sign the property settlement agreement, the wife promised to sign-over the stock certificates *227 to her mother-in-law. Finally, the husband testified that he signed the property settlement agreement in reliance on the wife’s promise.
At the conclusion of the husband’s case, the master granted the wife’s motion for an involuntary dismissal. The master ruled that the express language of the property settlement agreement, which stated that it was “the entire and sole agreement between the parties,” foreclosed the husband’s effort to set it aside. As for the modification of child support, the master ruled that the husband had failed to establish a prima facie case showing a substantial change in circumstances. The husband filed exceptions; they were heard and overruled by the trial court.
We begin by reviewing the husband’s contention that the master erred in denying the motion to continue the contempt hearing. “The law is settled that an application for a continuance is addressed to the sound discretion of the trial court. A denial of a continuance will not be reversed unless there has been a clear showing of a palpable abuse of this judicial discretion.” Webb v. State, 433 So.2d 496, 498 (Fla.1983). Here, the husband has failed to demonstrate an abuse of discretion. He had ample opportunity to complete discovery prior to the initiation of the contempt hearing; that he failed to do so will not support a finding of error.
Next, we turn to the dismissal of the husband’s petition to set aside the property settlement agreement and to modify child support. Separating the issues, we note that the husband failed to establish a prima facie case of substantial change in circumstances to justify a modification of child support. See Frumkes v. Frumkes, 349 So.2d 823 (Fla. 3d DCA 1977). Therefore, the master properly granted an involuntary dismissal of this aspect of the litigation. Cf. Davis v. Sobik’s Sandwich Shops, Inc., 351 So.2d 17 (Fla.1977). The attack on the property settlement agreement, however, deserved a different treatment.
In evaluating the wife’s motion for an involuntary dismissal, which is the functional equivalent of a motion for a directed verdict in a jury trial, see Gibson v. Gibson, 180 So.2d 388 (Fla. 1st DCA 1965), the master was obligated to view the evidence in the light most favorable to the husband (the non-moving party). See Steele v. Royal Crown Cola Bottling Co., 335 So.2d 586 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 426 (Fla.1977). If the evidence had been viewed from this perspective, the master would have found proof of a false promise by the wife which was reasonably relied upon by the husband to his detriment. In other words, the husband established a prima facie case of fraud. See, e.g., Williams v. McFadden, 23 Fla. 143, 1 So. 618 (1887); Shee-Con, Inc. v. Al Seim Appraisal Service, Inc., 427 So.2d 311 (Fla. 5th DCA 1983); Restatement (Second) of Torts § 525 (1977); 37 Am.Jur.2d, Fraud & Deceit § 12 (1968).
The exact basis for the dismissal is unclear. If the master applied the statute of frauds and ruled, as a matter of law, that a fraudulent oral statement could not be used to set aside a written agreement procured by fraud, the master was in error. “[W]hen fraud enters into a transaction to the extent of inducing a written contract, the parol evidence rule is not applicable.” Tinker v. DeMaria Porsche Audi, Inc., 459 So.2d 487, 491 (Fla. 3d DCA 1984); see generally, Hartsfield v. Williams, 145 Fla. 709, 200 So. 220 (1941); Ton-Will Enterprises, Inc. v. T & J Losurdo, Inc., 440 So.2d 621 (Fla. 2d DCA 1983); Pena v. Tampa Federal Savings and Loan Association, 363 So.2d 815 (Fla. 2d DCA 1978), cert. denied, 373 So.2d 461 (Fla.1979). On the other hand, if the master weighed the husband’s evidence and dismissed the petition because he found the evidence unconvincing, this too would have been improper. In a non-jury proceeding, the court cannot weigh the evidence upon the defendant’s motion for involuntary dismissal at the close of the plaintiff’s presentation. Rather, the court must wait until the defendant has also presented his or her case. Till *228 man v. Baskin, 260 So.2d 509 (Fla.1972); see also, In re Estate of Edsell, 447 So.2d 263 (Fla. 3d DCA 1983). Thus, we conclude that the master erred by dismissing the petition to set aside the property settlement agreement, and the same must be said of the trial court which ratified the master’s action.
There is another aspect to this case which deserves comment. We briefly entertained the thought that the master’s action might be affirmed under the rubric of “right for the wrong reason.” See, e.g., Phillips v. Mease Hospital and Clinic, 445 So.2d 1058 (Fla. 2d DCA 1984). Usually, the law does not permit a party to reassert a claim once that claim has been adjudicated in prior litigation. The doctrine of es-toppel by judgment prevents repetition and thus operates “to bring litigation to an end.” Gordon v. Gordon, 59 So.2d 40, 44 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952). “Collateral estop-pel, or estoppel by judgment, is a judicial doctrine which in general terms prevents identical parties from relitigating issues that have previously been decided between them.” Mobile Oil Corp. v. Shevin, 354 So.2d 372, 374 (Fla.1977). In the case at bar, the husband appeared at the contempt hearing and asserted the affirmative defense that his wife had reneged on an oral promise to sign-over the stock certificates. It is at least arguable that if this defense had been litigated conclusively and had resulted in an unequivocal judgment of contempt, the doctrine of estoppel by judgment would have precluded the husband from relitigating the same claim. See generally, Seaboard Coastline Railroad Co. v. Cox, 338 So.2d 190 (Fla.1976); City of Hialeah Gardens v. Prieto, 353 So.2d 200 (Fla. 3d DCA 1977); Zurich Insurance Co. v. Bartlett, 352 So.2d 921 (Fla. 2d DCA 1977). However, estoppel by judgment is inapplicable in this ease because of the inconclusiveness of the “contempt judgment.” It expressly left the husband’s claim unresolved, anticipating that it would be considered in the hearing on the petition to set aside the property settlement agreement. Thus, the judgment of contempt was not an impediment to relitigating the husband’s claim.
Accordingly, the orders on appeal are affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
GLICKSTEIN and BARKETT, JJ., concur.