LEHAN, Judge.
Defendant, who was the seller to plaintiff of one hundred percent of the stock in a corporation, appeals the $62,300 judgment of the trial court for damages for the seller’s fraudulent misrepresentation to the buyer. That judgment was offset by a $66,868.99 judgment against the buyer on seller’s counterclaim for nonpayment by the buyer of the promissory note representing the balance of the purchase price. Thus, the buyer was adjudicated liable to the seller for $4,568.99. The judgment on the counterclaim and the offset are not in issue in this appeal. We affirm.
The fraudulent misrepresentation was also a breach of a written warranty which was made by the seller in the 1983 sales contract and which provided that “[a]ll tax returns and reports of the corporation required by state and federal law have been duly filed.” The seller does not contest the trial court’s finding that that warranty was false. The evidence shows that no federal income tax returns had been filed by the corporation for the years 1977 through 1981. Nor does the seller contest the trial court's finding that the seller, who was the president and primary stockholder of the corporation, was in a position to know the subject matter of the warranty and made the warranty without knowledge as to whether it was true or false.
The seller contends that the trial court’s finding that the buyer relied upon that misrepresentation was erroneous. *109 The seller points to a hold harmless clause in the contract under which “Seller agrees to hold Buyer harmless for any payment made by Buyer as a result of Sellers’ breach of this warranty....” The seller argues that the inclusion of this clause in the contract showed that the buyer questioned, or had reason to question, the truth of the warranty and therefore could not have reasonably relied upon the warranty. The seller further argues that the buyer thereby agreed to be entitled to recover by reason of the seller’s breach of the warranty only to the extent that the buyer had made a payment by reason of that breach and that the evidence showed no such payment by the buyer. In support of her argument the seller particularly cites Faulk v. Weller K-F Cars, Inc., 70 So.2d 578 (Fla.1954), which held that a car buyer could not recover against the seller for fraudulent misrepresentation of the condition of the car when the sales contract contained a clause under which the seller agreed to pay a portion of the cost of certain repairs.
The seller’s argument is logically persuasive. There is a certain logic in the argument that the hold harmless clause, which the seller contends was included in the contract at the instance of the buyer, showed that, by agreeing to a remedy if the warranty was untrue, the buyer in making the purchase did not rely upon the warranty and, in fact, thereby questioned the truth of the warranty. However, we agree with the buyer’s argument that the seller should not be permitted to use the hold harmless clause as a shield against the consequences of her misrepresentation. Therefore, we conclude that the trial court did not err.
The trial court’s judgment was consistent with current Florida law which in these types of circumstances balances what may be deemed to be a buyer’s negligence in relying upon a misrepresentation against the wrong, or fraud, of the seller in making the misrepresentation. The seller in this case says that she is not arguing that the buyer was negligent and that she is arguing that the buyer agreed to the remedy provided in the hold harmless clause. Nonetheless, the seller’s position is that the buyer should have known of the possible untruth of the warranty. As established by the Florida Supreme Court in 1980 in Besett v. Basnett, 389 So.2d 995 (Fla.1980), the balance tips in favor of holding a seller responsible for the consequences of the seller’s wrongful misrepresentation, rather than holding the buyer responsible for the buyer’s negligence, or what the buyer should have known, at the time of the purchase concerning the subject of the misrepresentation. This court said in Kalb v. International Resorts, Inc., 396 So.2d 199 (Fla. 2d DCA 1981), pet. for rev. denied, 407 So.2d 1104 (Fla.1981), quoting from Besett:
A person guilty of fraud should not be permitted to use the law as his shield. Nor should the law encourage negligence. However, when the choice is between the two-fraud and negligence-negligence is less objectionable than fraud. Though one should not be inattentive to one’s business affairs, the law should not permit an inattentive person to suffer loss at the hands of a misrepresentor.
396 So.2d at 201.
We now address the seller’s contention that there was error in the trial court’s failure to hold that the buyer was not entitled to recover because the buyer, by agreeing to that hold harmless clause, had agreed to an exclusive remedy in the event that the warranty was untrue. The seller argues that the buyer would be entitled to recover against the seller under that clause only if the buyer had, as provided in the clause, actually made a payment by reason of the breach of warranty. We disagree. The hold harmless agreement was not to constitute the buyer’s exclusive remedy for the fraud which, as we have said, was properly found by the trial court to exist. That clause was contracted to be a remedy only for a breach of warranty. In this case the misrepresentation was more than a breach of warranty.
*110 We do not find merit in the additional argument of the seller that there was error in the trial court’s method of calculating damages and in admitting an expert witness’s testimony in that regard.
Affirmed.
CAMPBELL, A.C.J., and SCHOON-OVER, J., concur.