570 So.2d 306 (1990)
LOU BACHRODT CHEVROLET, INC., a Florida Corporation, Appellant,
v.
John K. SAVAGE, Appellee.
No. 88-2112.
District Court of Appeal of Florida, Fourth District.
July 18, 1990.
Rehearing and Rehearing Denied December 17, 1990.
*307 Gerald Mager of Law Offices of Gerald Mager, P.A., Scott Mager and Gary S. Gaffney of Mager and Gaffney, P.A., Fort Lauderdale, for appellant.
Carol M. Anderson of Anderson & Anderson, P.A., Fort Lauderdale, for appellee.
William C. Owen and F. Townsend Hawkes of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee for amicus curiae Florida Auto. Dealers Ass'n.
Rehearing and Rehearing En Banc Denied December 17, 1990.
PER CURIAM.
Appellant Lou Bachrodt Chevrolet, Inc., seeks review of an adverse final judgment awarding compensatory and punitive damages in this suit stemming from the purchase of a used Porsche. The Florida Automobile Dealers Association has filed an amicus curiae brief.
Appellee Savage signed a contract for purchase of a used Porsche which contained an "as is" warranty disclaimer. Savage, claiming the vehicle's condition was not as it was represented to be, instituted suit on grounds of fraudulent inducement, breach of contract and violation of the Consumer Protection Act, chapter 501, Florida Statutes (1987). The jury returned a verdict adverse to appellant as to all three theories and awarded compensatory and punitive damages. We affirm in part and reverse in part.
An "as is" warranty, which defines rights and presupposes repairs are needed, that contains a written disclaimer of oral representations made by the seller with respect to the condition of a car, while usually effective in negating a seller's liability for fraud in the inducement, may in some cases be ineffective in negating the *308 seller's liability. Faulk v. Weller K-F Cars, Inc., 70 So.2d 578 (Fla. 1954); Tinker v. DeMaria Porche Audi, Inc., 459 So.2d 487 (Fla. 3d DCA 1984), rev. denied, 471 So.2d 43 (Fla. 1985). See also Horan v. Horan, 464 So.2d 224 (Fla. 4th DCA 1985); Bates v. Messerli, 483 So.2d 108 (Fla. 2d DCA 1986). Our review of the record reveals the representations went beyond salesmen's talk comprised of an affirmation of the value of the goods or opinion or commendation of the goods which is "puffing" and does not create a warranty. § 672.313(2), Fla. Stat. (1983).
Nor did the court err in admitting evidence that went beyond the four corners of the contract. While, under normal circumstances, a party is responsible for the terms of the contract he signed and final agreements may not be contradicted by parol or extrinsic evidence, an exception is made in an action alleging fraudulent inducement. In such a case, the parol evidence rule does not preclude admission of extrinsic evidence. Tinker, 459 So.2d at 491; Horan, 464 So.2d at 227.
In order to establish fraud in the inducement, the plaintiff must prove by clear and convincing evidence
(1) A misrepresentation of a material fact;
(2) The representor of the misrepresentation, knew or should have known of the statement's falsity;
(3) Intent by the representor that the representation will induce another to rely and act on it; and
(4) Resulting injury to the party acting in justifiable reliance on the representation.
See Spitz v. Prudential-Bache Securities, Inc., 549 So.2d 777 (Fla. 4th DCA 1989); MACMA Corporation v. Sara M. Corp., 463 So.2d 534 (Fla. 4th DCA 1985); Alexander/Davis Properties v. Graham, 397 So.2d 699, 706 (Fla. 4th DCA 1981). Savage produced evidence as to all the elements of fraud in the inducement. It was then within the jury's province to determine whether the fraud existed.
Nor do we find error in the jury's finding of a violation of the consumer protection act. We disagree with appellant's contention that this purchase of a used vehicle by an individual in the tile business from a dealership does not qualify as a "consumer transaction" under the act. See Bert Smith Oldsmobile, Inc. v. Franklin, 400 So.2d 1235 (Fla. 2d DCA 1981); Florida Deceptive and Unfair Trade Practices Act, § 501.202, Fla. Stat. (1987).
We affirm the jury's finding of fraud and violation of chapter 501, either of which would be sufficient to support the award of compensatory damages which we also affirm. A claim of fraud sufficient to support compensatory damages is sufficient to support a claim for punitive damages being presented to the jury. Rappaport v. Jimmy Bryan Toyota of Ft. Lauderdale, Inc., 522 So.2d 1005 (Fla. 4th DCA 1988); First Interstate Development Corporation v. Ablanedo, 511 So.2d 536 (Fla. 1987). We find appellant's Mercury Motors vicarious liability argument waived by appellant's failure to raise it at trial and use of the undisputed jury instructions and stipulated verdict forms. Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981). See Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722 (Fla. 1985).
Appellant alleges error in the trial court's finding breach of contract and we agree. However, our reversal on this count is rendered moot by our fraud affirmance. We affirm the award of compensatory and punitive damages.
STONE and POLEN, JJ., concur.
ANSTEAD, J., dissents in part with opinion.
ANSTEAD, Judge, dissenting in part.
I cannot agree that the representations claimed herein were sufficient to constitute fraud. Cf. Faulk v. Weller K-F Cars, Inc., 70 So.2d 578 (Fla. 1954).