728 So.2d 366 (1999)
Robert HARGRAVE, Appellant,
v.
Susan N. HARGRAVE, Appellee.
No. 98-2479.
District Court of Appeal of Florida, Fourth District.
March 24, 1999.
Matthew S. Nugent of Law Office of Matthew S. Nugent, West Palm Beach, for appellant.
William R. Merkle of William R. Merkle, P.A., Boynton Beach, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
The parties' property settlement agreement, incorporated in the final judgment dissolving the marriage, provided for the wife to receive one-half of that part of the husband's pension plan "accruing during the marriage and income thereon." A post-judgment dispute as to the proper construction of this clause resulted in the court entering a qualified domestic relations order from which the husband has appealed.
The plan had a value of $7,460 when the parties married, and a value of $120,650 at the time of dissolution.[1] On the wife's application for a qualified domestic relations order, the court awarded her one-half the difference in these two amounts (less a separate contractual adjustment not relevant here). The effect of that order was to award the wife one-half of the pension plan's enhancement in value during the marriage. The husband contends on this appeal that the court's distribution erroneously deprived him *367 of the passive accumulations on his pre-marital interest in the plan, contrary to the clear language of the parties' agreement. We agree, and reverse.
We recognize that the issue here is to be decided under principles of contract interpretation, not by the statutory scheme of section 61.075(5)(a)4, Florida Statutes (1995), or else we would simply reverse on the authority of Blase v. Blase, 704 So.2d 741 (Fla. 4th DCA 1998). Nonetheless, we think it clear that the contract language clearly says that which the statute would otherwise have required absent agreement. The contract language provides for the wife to receive "one-half of that part [of the pension plan] accruing during the marriage and income thereon." Had the agreement intended to distribute to the wife one-half of all amounts accruing during the marriage, regardless of source, then the inclusion of the words "and income thereon" would be mere surplusage. Every provision in a contract should be given meaning and effect, and apparent inconsistencies reconciled if possible. Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938 (Fla.1979). In order to give meaning to the words "and income thereon," we hold that they refer to the amounts "accruing during the marriage." Thus, the distribution to the wife should not have included any part of the enhancement in value during the marriage which was due to passive accumulations on the husband's non-marital portion of the pension plan. The husband proffered evidence as to how such amount could be calculated, but the court considered it not relevant.
We reverse the qualified domestic relations order and remand for further consideration consistent herewith. The court may, in its discretion, take additional evidence to aid it in entering a new qualified domestic relations order.
REVERSED.
POLEN and SHAHOOD, JJ., concur.
NOTES
[1] The parties make no issue of either the values or the valuation dates.