867 So.2d 1252 (2004)
V & M ERECTORS, INC., a Florida corporation, Appellant,
v.
The MIDDLESEX CORPORATION, a Massachusetts corporation, John Yeager and Judy Yeager, Janssen & Spaans Engineering, Inc., a Florida corporation, and JCA Engineering, Inc., a Florida corporation, Appellees.
No. 4D03-512.
District Court of Appeal of Florida, Fourth District.
March 17, 2004.
*1253 Mark C. Burton of the Law Offices of Paul F. Clark, Hollywood, for appellant.
Daniel L. Koch of Herzfeld & Rubin, Miami, for appellee The Middlesex Corporation.
GUNTHER, J.
This case concerns the meaning of a release entered into by the parties. The Middlesex Corporation and V & M Erectors, Inc. entered into a subcontract agreement for a bridge installation project on U.S. Highway 27 in Moore Haven, Glades County, Florida. The agreement included an indemnification clause.
On October 9, 1998, while V & M was positioning a concrete bridge girder, it fell and crashed onto a barge. The barge was damaged and a worker on the barge, John Yeager, was injured. As a result of the accident, the barge owner, Dixie Towing, sued Middlesex and V & M for damages. A settlement was reached. Yeager later filed suit against Middlesex in Broward County and Middlesex cross-claimed against V & M for indemnity. Middlesex settled the claim with Yeager and filed an independent suit for economic damages against V & M in Glades County. The Glades County claim was settled and a release, which is the subject of this appeal, was executed.
Middlesex's indemnity cross-claim against V & M remained pending, and both parties filed motions for summary judgment. Middlesex premised its summary judgment motion on the presence of the indemnity agreement and lack of fault for the accident. V & M premised its summary judgment motion on the execution of the release in the economic damages suit, which it believed addressed all claims arising from the accident. Middlesex countered that the release was not intended to address claims related to the Yeager personal injury suit.
The trial court found the release ambiguous and ordered discovery to aid in resolution of the motions for summary judgment. Middlesex then presented parol evidence in the form of affidavits and testimony by attorneys for both parties concerning the intended effect of the release, that being to address only economic losses arising from the accident. The trial court then granted final summary judgment to Middlesex. This appeal ensued.
The standard of review applicable to the question of whether a contract is ambiguous is de novo. See Dows v. Nike, Inc., 846 So.2d 595, 601 (Fla. 4th DCA 2003); Lab. Corp. of Am. v. McKown, 829 So.2d 311, 313 (Fla. 5th DCA 2002). Because contract construction is a question of law, the appellate court need not defer to the trial court. Dows, 846 So.2d at 601. In reviewing the trial court's construction, the appellate court is "guided first by the language of the contract itself and where the contract is clear and unambiguous there is no reason to go further." McKown, 829 So.2d at 313. In such a situation, the intent of the parties must be determined *1254 from only the four corners of the document, and not parol evidence. Dows, 846 So.2d at 601; McKown, 829 So.2d at 313.
The language of the release at issue is as follows:
HEREBY remises, releases, acquits, satisfies and forever discharges the said second parties of and from any and all manner of action and actions, cause and causes of action, damages, judgments, claims and demands whatsoever, known or unknown, which said first party ever had, now have [sic], hereafter can, shall or may have, against said second parties, for, upon or by reason of the accident on October 9, 1998, as described in that certain lawsuit pending in the Circuit Court of the 20th Judicial circuit in and for Glades County, Florida, Case number: CA 99-119, wherein THE MIDDLESEX CORPORATION is the Plaintiff and V & M ERECTORS, INC., JCA, ENGINEERING, INC., and JANSSEN AND SPAANS, ENGINEERING, INC., are the Defendants.
All medical bills, medical liens, costs, workers' compensation liens, attorney's liens, attorney's fees, pre-judgement interest, delay penalties or other penalties imposed by the State of Florida, or other related expenses, known or unknown, related to the October 9, 1998 incident, have been or will be paid from the proceeds received in settlement of this case, and the first party hereby agrees to indemnify and hold harmless the second parties from any and all such claims.
Additionally, the release stated that V & M did not admit liability and intended "merely to avoid litigation and buy [its] peace."
Considering the language of the release, we conclude that it is in no way ambiguous. The release very clearly addresses all claims "for, upon, or by reason of" the October 9 accident. The reference to the Glades County economic damages suit is solely for the purpose of defining the accident and pointing the reader to a factual exposition of the accident. See, e.g., Bellefonte Ins. Co. v. Queen, 431 So.2d 1039, 1040 (Fla. 4th DCA 1983) (in which a release was found to be unambiguous where it released "all claims and demands" and referred to a January 9 accident). Because the release was unambiguous, the trial court erred by allowing parol evidence as to the parties' intent. Therefore, the release applied to the Yeager personal injury claims addressed in Middlesex's indemnification counterclaim, and the trial court should have awarded summary judgment to V & M, not Middlesex. As a result, we reverse and remand for entry of final summary judgment in favor of V & M.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
FARMER, C.J. and TAYLOR, J., concur.