881 So.2d 12 (2004)
SUNSET POINTE AT SILVER LAKES ASSOCIATES, LTD., Appellant,
v.
Oscar A. VARGAS and Silvia M. Vargas, Appellees.
No. 4D03-904.
District Court of Appeal of Florida, Fourth District.
June 23, 2004.
Rehearing Denied August 30, 2004.
Peter M. Hodkin of Peter M. Hodkin, P.A., Fort Lauderdale, for appellant.
*13 Alan H. Ramer, Coral Gables, for appellees.
KLEIN, J.
After making a deposit on a home to be constructed by the seller, the buyers did not go through with the purchase and brought this suit for a return of their deposit. They recovered based on oral statements, made by the salesman, which contradicted the contract. We reverse because the parol evidence rule bars this type of testimony.
The agreement contained a form addendum making the purchase subject to the buyers qualifying for a mortgage with an institutional lender. The addendum went on to state:
If Purchaser is credit approved, Purchaser shall be deemed approved and qualified regardless of the conditions imposed in such approval relating to matters outside this transaction, including, without limitation, the sale or leasing property presently owned by Purchaser.
The buyers owned a home but did not intend to sell it because of other family members who were living there. They were approved for a mortgage, but the approval was contingent on their netting $96,000 from the sale of their current home. This put the buyers in the position of having qualified for financing under the contract with the seller, but they were required to sell their home which they did not wish to do.
The buyers subsequently sued for the return of their deposit, and relied on oral statements made by the salesman for the seller in order to get around the mortgage approval provision. They testified at trial that the salesman referred them to a lender and promised them that they would be approved for financing without having to sell their home. The seller objected to the oral representations by the salesman as parol evidence; however, the trial court admitted it and the jury found in favor of the buyers. Without that evidence the seller would have been entitled to a directed verdict.
The buyers argue that the trial court properly allowed parol evidence because the written contract was ambiguous. V & M Erectors, Inc. v. Middlesex Corp., 867 So.2d 1252 (Fla. 4th DCA 2004). In order to establish the necessary ambiguity, the buyers rely on a paragraph of the sales contract entitled "Mortgage Financing," which provided that performance of the contract is not conditioned on the buyers obtaining financing. They claim that paragraph conflicts with the addendum. It is undisputed, however, that "N/A" had been written over this paragraph, indicating it was not applicable, and that the parties agreed it did not apply. This could not have created an ambiguity.
The buyers also argue that parol evidence is admissible to establish a contemporaneous oral agreement which induces the execution of a written contract. Mallard v. Ewing, 121 Fla. 654, 164 So. 674 (1935). The inducement exception, however, does not apply where the oral statement directly contradicts the written agreement. E.J. Sparks Enters. v. Christman, 95 Fla. 928, 117 So. 388 (1928) (oral representation of mortgage lender that it would not hold the borrower personally liable on the promissory note, and look only to the land, inadmissible as parol evidence because it contradicted the terms of the unambiguous written contract). Linear Corp. v. Standard Hardware Co., 423 So.2d 966 (Fla. 1st DCA 1982); Ungerleider v. Gordon, 214 F.3d 1279 (11th Cir.2000) (containing a comprehensive discussion of Florida law and concluding that the inducement exception to the parol evidence rule does not permit oral evidence which *14 directly contradicts the written agreement)[1].
In the present case, the oral representations by the salesman directly contradicted the financing contingency provision in the written agreement and were accordingly not admissible under the inducement exception to the parol evidence rule. The trial court should have excluded the evidence and granted the seller's motion for directed verdict. Reversed.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] The buyers cite Lou Bachrodt Chevrolet, Inc. v. Savage, 570 So.2d 306 (Fla. 4th DCA 1990), in which a used car was sold with a written "as is" warranty disclaimer, but this court allowed recovery for fraud based on oral representations made by the seller. This court concluded that the parol evidence rule contains an exception for fraudulent inducement without recognizing the distinction between oral representations which do not contradict the written contract and those which do. Judge Anstead dissented citing Faulk v. Weller K-F Cars, Inc., 70 So.2d 578 (Fla.1954), in which the Florida Supreme Court affirmed a directed verdict against the purchaser of a used car sold under a written contract which said "as is," where the purchaser relied on oral fraudulent misrepresentations. Savage cannot be reconciled with Faulk or E.J. Sparks, which, as supreme court decisions, control. See also Hillcrest Pac. Corp. v. Yamamura, 727 So.2d 1053 (Fla. 4th DCA 1999) (no recovery allowed for fraud for oral misrepresentations which are expressly contradicted in written contract); Peebles v. Sheridan Healthcare, Inc., 853 So.2d 559 (Fla. 4th DCA 2003) (same).