880 So.2d 807 (2004)
Luis GARCIA & Enid Perez, Appellant,
v.
TARMAC AMERICAN INC., etc, Appellee.
No. 5D03-734.
District Court of Appeal of Florida, Fifth District.
August 13, 2004.
*808 Carlos Payas of Payas, Payas & Payas, P.A., Orlando and Carlos R. Diez-Arguelles of Attorneys Trial Group, Orlando, for Appellant.
Rhea P. Grossman of Carman, Beauchamp & Sang, P.A., Boca Raton, for Appellee.
THOMPSON, J.
Luis Garcia and his wife, Enid Perez (collectively, "Garcia"), appeal a final summary judgment entered in favor of Tarmac American, Inc., d/b/a Silversand Transportation ("Tarmac"). We affirm.
Garcia filed a complaint against Tarmac American, Inc., d/b/a Silversand Transportation, alleging that he sustained injuries on Tarmac's premises when he tripped over a cement strip that was not painted yellow. At the time of the incident, Garcia was employed as an independent contractor by Aggregates Division, a division of Tarmac and Silversand. After discovery, Tarmac filed a motion for summary judgment alleging that Garcia had executed a release/discharge and surrender of all claims. Attached to the motion for summary judgment was the release, signed by Garcia, which provided that in consideration for payment, Garcia agreed to:
release, discharge and surrender any and all claims whether or not asserted, against the Employer, Aggregate Div. Owner/Operator, or any of its officers, agents, servants, employees, directors, successors, assigns and any other person or entity connected to the Employer or Carrier of any nature whatsoever, without any limitation thereof, including any and all past, present, or future ADA, Title I, and Title VII claims or lawsuits....
(emphasis supplied).
Tarmac argued that summary judgment was warranted because Garcia relinquished *809 his right to sue for his injuries. In a memorandum opposing the motion for summary judgment, Garcia argued that the release was not dispositive because: 1) the release did not name Tarmac America, Inc. or Silversand Corporation and; 2) the scope of the release was ambiguous. Garcia argued that Tarmac and Silversand were not named in the release because he had intended to pursue third-party claims against Tarmac and Silversand for his personal injuries. After a hearing in which sworn affidavits were submitted to show the intent of the parties during the execution of the release, the trial court entered summary judgment in favor of Tarmac.
On appeal, Garcia argues that the trial court inappropriately resolved disputed facts, weighed evidence, and made credibility determinations. We find V & M Erectors, Inc. v. Middlesex Corporation, 867 So.2d 1252 (Fla. 4th DCA 2004), to be instructive and applicable to the instant case:
The standard of review applicable to the question of whether a contract is ambiguous is de novo. Because contract construction is a question of law, the appellate court need not defer to the trial court. In reviewing the trial court's construction, the appellate court is "guided first by the language of the contract itself and where the contract is clear and unambiguous there is no reason to go further." In such a situation, the intent of the parties must be determined from only the four corners of the document, and not parol evidence.

Id. (emphasis supplied) (citations omitted).
In the instant case, Garcia agreed to "release, discharge and surrender any and all claims whether or not asserted, against the Employer, Aggregate Div. Owner/Operator, or any of its officers, agents, servants, employees, directors, successors, assigns and any other person or entity connected to the Employer or Carrier of any nature whatsoever, without any limitation thereof .... (emphasis added)" This language evinces a clear intent to release all entities connected with Aggregate Division, including Tarmac and Silversand. Because the release is clear and unambiguous, the intent of the parties was to be considered from the four corners of the document and not through parol evidence.
The summary judgment in favor of Tarmac is AFFIRMED.
PALMER and MONACO, JJ., concur.