KAHN, J.,
dissenting.
I concur in all respects with Judge Thomas’ dissent. I write to express a few additional thoughts concerning Ms. Hall’s right to her day in court.
The majority appears to hold that Florida recognizes “only one method of producing a legally cognizable marriage.... ” Op. at 684. This cannot be true, though, because the very statute abolishing common-law marriage allows, as Judge Thomas has pointed out, recognition of any marriage entered into “in substantial compliance with this chapter.” § 741.211, Fla. Stat. (2002). Substantial compliance seems to require a factual determination, and the present case has never proceeded beyond the motion stage.
I next note, in conjunction with Judge Thomas’ observations, the statutory scheme concerning marriage licenses. To be sure, the Florida Statutes contain a section entitled “Marriage not to be solemnized without a license.” § 741.08, Fla. Stat. (2002). Nevertheless, the text of that statute applies solely to a person authorized by section 741.07, Florida Statutes (2002), to solemnize the marriage. The provisions of subsection 741.08, including the directives to require a marriage license and transmit the license to the clerk’s office, seek to control only the behavior of the officiant. Here, and without dispute, the minister did, although without untoward intent, default upon the statutory obligation. The officiant testified clearly that he had been affirmatively led to believe that Dr. Maal had a license but had left the license at home. The officiant further testified that if anything at all regarding the circumstances had given him the impression that the marriage was anything other than a formal and binding wedding ceremony, he “wouldn’t have performed the ceremony.” Because this statute sets out no positive obligation as to the couple engaging in the ceremony, I would not craft such a requirement.
The final point involves a traditional rule of contracts and the analogy of marriage to contracts. See Connor v. S.W. Fla. Reg’l Med. Ctr., Inc., 668 So.2d 175, 177 (Fla.1995) (Overton, J. dissenting) (referring to “the legal obligations of the marriage contract”); Johnson v. Lincoln Square Props., Inc., 571 So.2d 541, 543 (Fla. 2d DCA 1990) (recognizing potential validity of out-of-state marriage because under Florida law, “validity of marriage is determined by the law of the state where the contract of marriage occurred”). Instead of concluding, as the majority does, that this couple did not proceed in good faith, a finder of fact might determine that it should examine the actual exchange of the vows, rather than any withheld, or subjective, but unexpressed, feelings. This is the way we construe contracts where the language is unambiguous:
In Stokes et al. v. Victory Land Company, 99 Fla. 795, 128 So. 408, Mr. Justice Ellis, speaking for the court, said: ‘The intention of the parties to a contract is to be deduced from the language employed by them. The terms of the contract, when unambiguous, are conclusive, in the absence of averment and proof of mistake, the question being, not what intention existed in the minds of the *695 parties, but what intention is expressed by the language used. Continental Casualty Co. v. Bows, 72 Fla. 17, 72 So. 278; Atlanta St. A.B.R. Co. v. Thomas, 60 Fla. 412, 53 So. 510.
Lyng v. Bugbee Distrib. Co., 133 Fla. 419, 182 So. 801, 802 (1938). A court is “guided first by the language of the contract itself and where the contract is clear and unambiguous there is no reason to go further.” Lab. Corp. of Am. v. McKown, 829 So.2d 311, 313 (Fla. 5th DCA 2002). “In such a situation, the intent of the parties must be determined from only the four corners of the document, and not parol evidence.” V & M Erectors, Inc. v. Middlesex Corp., 867 So.2d 1252, 1253-54 (Fla. 4th DCA 2004).
I am not persuaded, on the present facts, that the marriage license is part of the marital contract or that the absence of a license would, in every case, void the marital status. A marriage covenant, where not prohibited by law, is solemnized by the words and promises exchanged, and not by the license. I thus completely agree with Judge Thomas that an eviden-tiary hearing is in order.