GROSS, C.J.
 

 CJM Financing, Inc. appeals a summary final judgment on a breach of contract claim.
 
 [1]
 
 We affirm because the clear language of a release barred the claim and CJM failed to properly plead any legal theory that would have avoided the release.
 

 CJM contends that it had a contract to be paid $300,000 for consulting services. Later, appellee Castillo Grand, LLC delivered a promissory note to CJM for $250,000. In return, CJM executed a general release of all claims against Castillo Grand. CJM asserts that, at the time it executed the release, an agent of Castillo Grand orally promised to pay CJM the remaining $50,000 due on the contract. Ultimately, Castillo Grand paid the $250,000 note in full.
 

 CJM filed a breach of contract action for the remaining $50,000. Castillo Grand filed an answer and affirmative defenses; the fourth affirmative defense pleaded the release as a bar to the breach of contract claim. CJM did not file a reply.
 

 The clear language of the release precludes the breach of contract action. On appeal, CJM contends that the release should not be enforced because of a “mutual mistake.”
 

 By its failure to file a reply, CJM did not properly inject any legal theory involving a mutual mistake into the case.
 
 [2]
 
 Florida Rule of Civil Procedure 1.100(a) provides that if an answer “contains an affirmative defense and the opposing party seeks to avoid it, the opposing party shall file a reply containing the avoidance.” To say that a “mutual mistake” has occurred is a statement without legal significance. However, a mutual mistake may be a ground for reformation
 
 [3]
 
 or rescission
 
 [4]
 
 of
 
 *865
 
 a contract. To have the release reformed or rescinded because of a mutual mistake, CJM was required to properly plead such an avoidance in the reply.
 
 See Aravena v. Miami-Dade County,
 
 928 So.2d 1163, 1168 n. 1 (Fla.2006);
 
 Barnett Bank of Palm Beach County v. Estate of Read,
 
 493 So.2d 447, 449 (Fla.1986);
 
 N. Am. Philips Corp. v. Boles,
 
 405 So.2d 202 (Fla. 4th DCA 1981).
 

 Affirmed.
 

 STEVENSON and TAYLOR, JJ, concur.
 

 [1]
 

 . Another count in the amended complaint was dismissed by a separate order and is not at issue in this appeal.
 

 [2]
 

 . If CJM's complaint is viewed as offering oral testimony to vary the terms of the unambiguous release, then such testimony would be barred by the parol evidence rule.
 
 See V & M Erectors, Inc. v. Middlesex Corp.,
 
 867 So.2d 1252 (Fla. 4th DCA 2004). If CJM’s case is based on a contemporaneous oral agreement which induced execution of the written release, then such oral testimony would also be barred by the parol evidence rule, because the oral statement directly contradicts the written release.
 
 See Sunset Pointe At Silver Lakes Assocs., Ltd. v. Vargas,
 
 881 So.2d 12 (Fla. 4th DCA 2004).
 

 [3]
 

 .See Providence Square Ass’n v. Biancardi,
 
 507 So.2d 1366, 1369-70 (Fla.1987) (where the Court wrote that a "court of equity has the power to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true intention or agreement of the parties
 
 *865
 
 to the instrument.... Notably, in reforming a written instrument, an equity court in no way alters the agreement of the parties. Instead, the reformation only corrects the defective written instrument so that it accurately reflects the true terms of the agreement actually reached.") (citations omitted);
 
 Goodall v. Whispering Woods Ctr., L.L.C.,
 
 990 So.2d 695, 699 (Fla. 4th DCA 2008).
 

 [4]
 

 .
 
 Cont’l Assurance Co. v. Carroll,
 
 485 So.2d 406, 409 n. 2 (Fla.1986) (stating the principle that a "mutual mistake of fact constitutes an equitable ground for re[s]cission under general contract law”).