# Third District Court of Appeal

## State of Florida

Opinion filed July 05, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-440
Lower Tribunal No. 12-39331
_____

**Osvaldo Martinez,**
Appellant,

vs.

**Preferred Care Partners, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Osvaldo Martinez, in proper person.

Legon Fodiman, P.A., and Todd R. Legon and William F. Rhodes, for appellees.

Before ROTHENBERG, C.J., and EMAS and LOGUE, JJ.

ROTHENBERG, C.J.

Osvaldo Martinez ("Martinez") appeals the trial court's entry of an order granting final summary judgment in favor of Preferred Care Partners, Inc. ("PCP"), Preferred Care Partners Medical Group, Inc., Preferred Care Partners Holding Corp., Joseph L. Caruncho, and Justo Luis Pozo (collectively, "the defendants"). We affirm.

The record reflects that Martinez previously owned companies that entered into a Network Risk Agreement with PCP. According to the agreement, PCP was to provide Martinez's companies with Medicare-eligible members in its healthcare plan; Martinez's companies would provide medical care for those members; and the parties would split the capitation from the federal government. Martinez sued the defendants on October 5, 2012 for allegedly committing various tortious acts. The defendants filed a motion for summary judgment as to all of Martinez's claims based, in part, on the general release Martinez executed on January 18, 2012, releasing the defendants from the claims alleged in his complaint.

A general release is construed according to the principles governing the construction of contracts. Plumpton v. Cont'l Acreage Dev. Co., 830 So. 2d 208, 210 (Fla. 5th DCA 2002). The general release in the instant case unambiguously covers "all manner of claims" that Martinez and the companies he formerly owned "have, had, or may have had" against the defendants "from the beginning of the world to present." Such all-encompassing language fully protects the defendants,

2

as it is undisputed that the claims in Martinez's complaint accrued prior to the execution of the general release. See AXA Equitable Life Ins. Co. v. Gelpi, 12 So. 3d 783, 786 (Fla. 3d DCA 2009); Brewer v. Laborfinders of Tampa, 944 So. 2d 1102, 1103 (Fla. 1st DCA 2006).

It is also undisputed that Martinez failed to file a reply containing any legal theory that could result in the avoidance of the defendants' general release. See Fla. R. Civ. P. 1.100 ("If an answer or third-party answer contains an affirmative defense and the opposing party seeks to avoid it, the opposing party must file a reply containing the avoidance."); CJM Fin., Inc. v. Castillo Grand, LLC, 40 So. 3d 863, 864 (Fla. 4th DCA 2010) (affirming summary judgment "because the clear language of a release barred the claim and [the plaintiff] failed to properly plead any legal theory that would have avoided the release"). Accordingly, the trial court properly entered final summary judgment in favor of the defendants.

Affirmed.