IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MATTHEW FRANK BALAZIC,

      Appellant,

v.

      Case No.  5D21-1804
      LT Case No. 2019-DR-399

JULIE ANN BALAZIC,

      Appellee.

_____/

Opinion filed December 22, 2022

Appeal from the Circuit Court
for St. Johns County,
Joan Anthony, Judge.

Michael J. Korn, of Korn & Zehmer,
P.A., Jacksonville, for Appellant.

Dulce B. Fazel, of Dulce B. Fazel,
P.A., Jacksonville, for Appellee.


LAMBERT, C.J.

      The parties in this appeal are former spouses whose marriage was

dissolved by a consent final judgment setting forth their settlement

agreement.[1]  Pertinent here is the contractual provision approved in the judgment requiring the parties to equally divide the marital portion of Former Husband's retirement plan, which they defined as that portion of the plan acquired from the time of the marriage to the filing of the dissolution of marriage petition, "plus any gains or losses on that amount."  A postjudgment dispute as to the proper construction of this contractual provision resulted in the trial court entering an order granting Former Wife's motion to enforce the final judgment and the resulting qualified domestic relations order ("QDRO"). For the following reasons, we reverse.

The salient facts of the case are undisputed.  The value of Former Husband's interest in the retirement plan at the time of the marriage was $17,485, which Former Wife concedes is Former Husband's separate nonmarital property.  The value of the plan when the dissolution of marriage litigation commenced was $549,975.  In granting Former Wife's motion to enforce, the trial court computed the amount owed to each party by first subtracting Former Husband's $17,485 non-marital interest from the $549,975, and then dividing the remaining balance equally through the subject QDRO.  Former Husband argues that this was error because it also

---

[1] *See Arrieta-Gimenez v. Arrieta-Negron*, 551 So. 2d 1184, 1186 (Fla. 1989) (noting that a consent final judgment is a judicially approved contract).

2

resulted in the court awarding to Former Wife the passive appreciation of his premarital interest in the retirement plan, which he argues was not supported by the language of the consent final judgment. We agree.

As this case involves the interpretation and legal effect of a contractual provision that both parties assert is clear and unambiguous, ours is a question of law to resolve. *See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 131 (Fla. 2000) ("[W]here the determination of the issues of a lawsuit depends upon the construction of a written instrument and the legal effect to be drawn therefrom, the question at issue is essentially one of law only . . . ."). Resultingly, our review is de novo. *See Aills v. Boemi*, 29 So. 3d 1105, 1108 (Fla. 2010) (holding that questions of law are reviewed de novo). Further, because construction of the contract here is a question of law, we need not defer to the trial court's interpretation of this contractual provision; instead, we are "guided first by the language of the contract itself." *See Garcia v. Tarmac Am. Inc.*, 880 So. 2d 807, 809 (Fla. 5th DCA 2004) (emphasis removed) (quoting *V & M Erectors, Inc., v. Middlesex Corp.*, 867 So. 2d 1252, 1253 (Fla. 4th DCA 2004)).

We find the Fourth District Court's opinion in *Hargrave v. Hargrave*, 728 So. 2d 366 (Fla. 4th DCA 1999), whose facts are strikingly similar to our case, to be particularly instructive. In *Hargrave*, the parties entered into a

3

property settlement agreement that was incorporated into the final judgment of dissolution of marriage. *Id.* at 366. The agreement provided that the wife would receive one-half of the portion of the husband's pension plan that "accru[ed] during the marriage and income thereon." *Id.* Much like the present case, a postjudgment dispute arose between the parties regarding the interpretation of this contractual provision. *Id.* In *Hargrave*, and as also occurred here, the wife successfully petitioned the trial court to enter a QDRO that awarded her one-half of the entire balance of the account, less the undisputed value of the husband's premarital interest in the account. *Id.*

On appeal, the Fourth District Court reversed. *Id.* at 367. It first noted that the disputed issue must be decided under principles of contract interpretation, observing that it would otherwise have reversed based on the applicable Florida law that the passive appreciation to the premarital portion of the pension plan is husband's nonmartial property. *Id.* at 366–67.

Our sister court nevertheless reached this same result from its interpretation of what it determined was the clear and unambiguous language of the parties' agreement. *Id.* at 367. The court reasoned that if the agreement incorporated into the final judgment had been "intended to distribute to the wife one-half of all amounts accruing during the marriage, regardless of source, then the inclusion of the words 'and income thereon'

4

would be mere surplusage." *Id.* The Fourth District Court remanded for the trial court to enter a new QDRO that did not award to the wife any of the passive appreciation attributable to the husband's premarital portion of the pension plan. *Id.*

We agree with the analysis in *Hargrave* and find no meaningful distinction between the contractual language "and income thereon" in *Hargrave* and the contractual term "plus any gains or losses on that amount" in the present case. We hold that the contractual term "plus any gains or losses on that amount" does not apply to any passive appreciation in Former Husband's nonmarital portion of the retirement plan. Accordingly, the order under review and the resulting QDRO are reversed. This matter is remanded for the entry of a new QDRO that subtracts Former Husband's $17,485 premarital balance, plus that amount constituting passive appreciation on this premarital balance, from the final sum of $549,975, and then equally divides the remaining net amount between the parties. The trial court may take additional evidence as needed to aid it in entering the new QDRO.[2]

Lastly, the order under review also awarded Former Wife the sum of $800 in attorney's fees. Though Former Husband made a passing reference

---

[2] Former Husband's other arguments on appeal have been rendered moot as a result of our ruling.

5

in his initial brief to the alleged insufficiency of the evidence supporting this award, he also candidly advised that, "[a]fter considering the relatively small amount of the award, [Former Husband] has not designated as a separate issue on appeal the $800 attorneys' fee award." Thus, any argument for reversal of this award has been waived, and we therefore affirm this aspect of the order.

AFFIRMED in part; REVERSED in part; REMANDED for the entry of a new QDRO consistent with this opinion.

WALLIS and HARRIS, JJ., concur.